IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| KATHRYN HOGAN, et al., | CASE NO. CV-F-03-6408 AWI LJO |
|---|---|
| Plaintiffs, | **ORDER FOR *IN CAMERA* INSPECTION** |
| vs. | |
| FRESNO COUNTY SHERIFF'S DEPUTY MICHAEL ROBINSON, et al., | |
| Defendants. | |

Plaintiff's notice of motion seeks an order compelling the production of the Internal Affairs and Personnel records of now retired Fresno County Sheriff Deputy Michael Robinson.

### **FACTUAL AND PROCEDURAL BACKGROUND**

#### **Plaintiffs' Claims**

This case involves civil rights violations and related state law claims for an investigation of elder abuse. Plaintiffs allege that beginning in June 2000 and continuing through at least February 2003, the plaintiffs were the subject of an elder abuse investigation initiated by, jointly, defendants Patricia Towne and Deputy Michael Robinson, a detective with the County Sheriff's Department. Plaintiffs allege that sometime in 2000, Ms. Towne falsely alleged that plaintiffs Kathryn Hogan and Charlotte-Marie Hogan were abusing their elderly parents, plaintiff Thomas Slade Hogan and Frances Hogan. Deputy Robinson began to investigate possible elder abuse. Plaintiffs allege that, "[t]hese allegations were concocted out of whole cloth and without supporting evidence." They allege that during the course of his investigation, defendant Robinson conducted activities which made it impossible for the plaintiffs to continue

1

conducting their citrus ranch business in a profitable manner and made it possible for Towne to continue misappropriating the estate. Plaintiffs assert claims for:

1. 42 U.S.C. §1983 against all defendants, including *Monell* claim against the County,
2. Declaratory relief against all defendants,
3. "State law claims" against the County and Defendant Robinson under Cal, Civ.Code 52.1 and intentional infliction of emotional distress.

Plaintiffs seek compensatory damages of diminution in the value of the ranch of over $1.5 million, emotional distress damages, punitive damages, and injunctive and declaratory relief.

**Documents Requested to be Produced**

In plaintiffs' second request for production of documents, plaintiffs asked that defendants produce:

**Request no. 1:** Any and all documentation related to any internal investigation regarding or involving defendant Fresno County Sheriff Deputy Michael Robinson.

**Request no. 2:** Any and all documentation related to any disciplinary action taken against defendant Fresno County Sheriff Deputy Michael Robinson.

**Defendants' Objections to the Production of Documents**

**Request No. 1:** Vague, ambiguous, overboard, burdensome and oppressive; irrelevant; official information privilege, right to privacy, Cal. Gov. Code 6254, Penal Code 832.7 and Evid. Code 1040. No documents were produced.

**Request No. 2:** Same as Request no. 1. No documents were produced.

The defendants produced a "privilege log" with basically restates the objections.

**Subsequent Meet and Confer**

This Court originally denied this motion without prejudice on March 1, 2006 on the grounds of failure to meet and confer. On March 6, 2006, plaintiffs refiled the motion and thereafter attempted to meet and confer. As part of the meet and confer, the parties agreed to an *in camera* inspection and to "separately submit" letter briefs on their positions as to the documents. They agreed to submit some documents for an *in camera* inspection - but the scope of what documents are to be submitted is in dispute and in addition, the documents which would be produced following the *in camera* inspection

1  are disputed.

2  **The disagreement as to what the parties want submitted for *in camera* review**:

3  **Plaintiffs** want all complaints, investigations material, and departmental findings against
4  detective Robinson that arguably pertain to alleged dishonesty, overreaching, favoritism, or any other
5  misconduct. This is broader than just complaints etc. of elder abuse detective work.

6  **Defendants** agree that the complete internal affairs investigation files related to complaints made
7  about Michael Robinson's work <u>as an elder abuse detective</u> will be submitted for *in camera* inspection.
8  Defendants, however, argue that documents reflecting <u>conclusions and recommendations</u> contained in
9  the internal investigation files relating to Robinsion's elder abuse investigations should not be produced.
10 They also argue that files and records <u>unrelated</u> to elder abuse investigations should not be the subject
11 of the *in camera* inspection.

## DISCOVERY STANDARDS

### Scope Of Discovery

14  F.R.Civ.P. 26(b) establishes the scope of discovery and states in pertinent part:

> Parties may obtain discovery regarding any matter, **not privileged**, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. (Bold added.)

20  "The party who resists discovery has the burden to show that discovery should not be allowed,
21  and has the burden of clarifying, explaining, and supporting its objections." *Oakes v. Halvorsen Marine*
22  *Ltd.*, 179 F.R.D 281, 283 (C.D. Cal. 1998); *Nestle Foods Corp. v. Aetna Casualty & Surety Co.*, 135
23  F.R.D. 101, 104 (D. N.J. 1990); *see Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)
24  (parties opposing discovery are required to carry a heavy burden to show why discovery should be
25  denied).

### Official Information Privilege

27  This action involves federal question and pendant state claims. "[I]n federal question cases
28  where pendent state claims are raised the federal common law of privileges should govern all claims of

3

privilege raised in the litigation." *Perrignon v. Bergen Brunswig Corp.*, 77 F.R.D. 455, 459 (N.D. Cal. 1978). "In a federal question case, the law of privilege is governed by 'the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience.'" *Religious Technology Center v. Wollersheim*, 971 F.2d 364, 367, n. 10 (9th Cir. 1992) (citing F.R.Evid. 501).

"Federal common law recognizes a qualified privilege for official information. [Citation omitted.] Government personnel files are considered official information." *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033 (9th Cir. 1990), *cert. denied*, 502 U.S. 957, 112 S.Ct. 416 (1991); *Miller v. Pancucci*, 141 F.R.D. 292, 299 C.D. Cal. 1992).

California Evidence Code section 1040(a) defines "official information" as "information acquired in confidence by a public employee in the course of his or her duty and not open, or officially disclosed, to the public prior to the time the claim of privilege is made." California Evidence Code 1040(b) provides a public entity a privilege to refuse to disclose official information if the privilege is claimed by a person authorized to do so and disclosure is "forbidden . . . by statute of this state" or when disclosure "is against the public interest because there is a necessity for preserving the confidentiality of the information that outweighs the necessity for disclosure in the interest of justice."

In cases such as this, "courts must weigh potential benefits of disclosure against potential disadvantages; if the latter is greater, the official information privilege may bar discovery." *Miller*, 141 F.R.D. at 299-300 (citing *Sanchez*, 936 F.2d at 1033-1034). "Such balancing should be conducted on a case by case basis, determining what weight each relevant consideration deserves in the fact specific situation that is before the Court." *Miller*, 141 F.R.D. at 300 (citing *Kelly v. City of San Jose*, 114 F.R.D. 653, 656 (N.D. Cal. 1987)).

The party asserting the official information privilege must properly invoke it by making a "substantial threshold showing." *Soto v. City of Concord*, 162 F.R.D. 603, 613 (N.D. Cal. 1995); *Kelly*, 114 F.R.D. at 669. To make such a showing, a "party must submit, at the time it files and serves its response to the discovery request, a declaration or affidavit, under oath or subject to the penalty of perjury, from the head of the department which has control over the matter." *Miller*, 141 F.R.D. at 300. The affidavit or declaration must contain:

1. An affirmation that the agency generated or collected the material in issue and has in fact maintained its confidentiality;
2. A statement that the official has personally reviewed the material in question;
3. A specific identification of the governmental or privacy interests that would be threatened by disclosure of the material to plaintiff;
4. A description of how disclosure subject to a carefully crafted protective order would create a substantial risk of harm to significant governmental or privacy interests; and
5. A projection of how much harm would be done to the threatened interests if disclosure were made.

*Kelly*, 114 F.R.D. at 670; *Miller*, 141 F.R.D. at 300.

A "general assertion" that a law enforcement organization's internal investigatory system "'would be harmed by disclosure of the documents is insufficient' to meet the threshold test for invoking the official information privilege." *Soto*, 162 F.R.D. at 614 (quoting *Chism v. County of San Bernardino*, 159 F.R.D. 531, 534-535 (C.D. Cal. 1994)). A "general claim of harm to the 'public interest' is insufficient to overcome the burden placed on the party seeking to shield material from disclosure." *Soto*, 162 F.R.D. at 614; *Miller*, 141 F.R.D. at 300-301; *Kelly*, 114 F.R.D. at 672. The party resisting discovery "must specifically describe how disclosure of the requested documents in that particular case . . . would be harmful." *Soto*, 162 F.R.D. at 614; *Chism*, 159 F.R.D. at 535; *Miller*, 141, F.R.D. at 300-301.

Defendants purport to rely on declarations of Lt. Rick Pursell and Sgt. Bob Moore, in support of the claim of privilege. (Doc. 87 in the Court's file.) However, these documents were not filed. Defendants will be directed to filed these declarations.

### Peace Officer Privacy Rights

California Code of Civil Procedure section 823.7 addresses disclosure of peace officer personnel records and provides in pertinent part:

> (a) Peace officer personnel records and records maintained by any state or local agency pursuant to Section 832.5, or information obtained from these records, are confidential and shall not be disclosed by the department or agency that employs the peace officer in any criminal or civil proceeding except by discovery pursuant to Sections 1043 and 1046 of the Evidence Code.

California Code of Civil Procedure section 832.8(e) defines personnel records to include: "Complaints, or investigations of complaints, concerning an event or transaction in which he or she participated, or which he or she perceived, and pertaining to the manner in which he or she performed his or her duties."

California Government Code section 6254(c) and (f) bar disclosure of personnel files, the disclosure of which would constitute an unwarranted invasion of personal privacy, and records of complaints to or investigations conducted by a local police agency.

The California statutory scheme for confidential law enforcement personnel records and files is "not inconsistent with federal discovery law and privileges" and provides "the appropriate balancing of interests for the determination to be made." *Martinez v. City of Stockton*, 132 F.R.D. 677, 681 (E.D. Cal. 1990). The California Evidence Code procedures "provide for a balancing of the needs of the litigation versus the need to keep the information confidential and the right of privacy for the individuals involved." *Martinez*, 132 F.R.D. at 681.

Federal courts ordinarily recognize a constitutionally based right of privacy can be raised in response to a discovery request. *Johnson by Johnson v. Thompson*, 971 F.2d 1487, 1497 (10th Cir. 1992), *cert. denied*, 507 U.S. 910, 113 S.Ct. 1255 (1993); *Soto*, 162 F.R.D. at 616. In California, the right to privacy is set forth in Article I, Section I of the California Constitution. It is not an absolute right but a right subject to invasion depending on the circumstances. *Oakes*, 179 F.R.D. at 284; *Hill v. National Collegiate Athletic Ass'n*, 7 Cal.4th 1, 37, 26 Cal.Rptr.2d 834, 857 (1994). The custodian of private information may not waive the privacy rights of persons who are constitutionally guaranteed their protection. *Board of Trustees of Leland Stanford Junior University v. Superior Court*, 119 Cal.App.3d 516, 526, 174 Cal.Rptr. 160, 164-165 (1981).

Courts have often found that a party's need for information may outweigh whatever privacy rights, if any, another party may have. *Oakes*, 179 F.R.D. at 284. Resolution of a privacy objection requires balancing the need for the information sought against the privacy right asserted. *Perry v. State Farm Fire & Cas. Co.*, 734 F.2d 1441, 1447 (11th Cir. 1984), *cert. denied*, 469 U.S. 1108, 105 S.Ct. 784 (1985); *Rubin v. Regents of Univ. of Cal.*, 114 F.R.D. 1, 2 (N.D. Cal. 1986). When addressing a privacy objection to disclosure of personnel information, a court should consider the relevancy of the sought after information. *See, e.g., Onwuka v. Federal Express Corporation*, 178 F.R.D. 508, 517 (D. Minn.

6

1997); *Raddatz v. The Standard Register Co.*, 177 F.R.D. 446, 447-448 (D. Minn. 1997). A carefully drafted protective order could minimize the impact of this disclosure. *Soto*, 162 F.R.D. at 616; *see Kelly*, 114 F.R.D. at 666.

In the context of disclosure of peace officer files, courts have recognized that privacy rights are not inconsequential. *Soto*, 162 F.R.D. at 616, *Kelly*, 114 F.R.D. at 660; *Denver Policemen's Protective Ass'n v. Lichtenstein*, 660 F.2d 432, 435 (10th Cir. 1981). Federal courts should give "some weight" to privacy rights that are protected by state constitutions and statutes. *Soto*, 162 F.R.D. at 616; *Kelly*, 114 F.R.D. at 656. However, these privacy interests must be balanced against the great weight afforded to federal law in civil rights cases against police departments. *Soto,* 162 F.R.D. at 616. "Thus, the existing case law suggests that the privacy interests of police officers have not outweighed the civil rights plaintiff's need to discover the officer-defendants' personnel files." *Soto*, 162 F.R.D. at 616-617.

Plaintiffs argue that they require the personnel file and internal investigation reports not only for the individual claim against Robinson, but for the *Monell* claim against the County.

The basic rule of liability is "local governing bodies . . . can be sued directly under §1983 for monetary, declaratory, or injunctive relief where, as here, the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018 (1978). "Only if a plaintiff shows that his injury resulted from a 'permanent and well-settled' practice may liability attach for injury resulting from a local government custom." *Thompson v. City of Los Angeles*, 885 F.2d 1439, 1444 (9th Cir 1989). "[O]fficial policy must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Polk County v. Dodson*, 454 U.S. 312, 326, 102 S.Ct. 445 (1981) (quoting *Monell*, 436 U.S. at 694, 98 S.Ct. 2018). A "[p]olicy or custom may be inferred if ... officials took no steps to reprimand or discharge the [officers involved], or if they otherwise failed to admit the [officers'] conduct was in error." See also *McRorie v. Shimoda*, 795 F.2d 780, 784 (9th Cir. 1986) (Policy or custom may be inferred if, after the shakedown, the prison officials took no steps to reprimand or discharge the guards, or if they otherwise failed to admit the guards' conduct was in error.)

The entirety of the officer's file, and everything related to the officer, are irrelevant to the *Monell*

issue. The limitation on the scope of the documents produced will be imposed by the time frame described below.

### Objection of Overly Broad Time Frame

Defendants argue that the document requests are overly broad on their face, and are not reasonably calculated to lead to the discovery of admissible evidence. Pursuant to the discovery requests, Plaintiffs sought the production of <u>all</u> the personnel records of defendant Robinson, as well as <u>all</u> internal affairs investigations documents relating to defendant Robinson. Defendants argue defendant Robinson was a deputy sheriff with the Fresno County Sheriff's Department from 1977 until his retirement in 2003. (See Exhibit "A" to Weakley Decl.). On this basis, the document requests made by Plaintiffs are extremely overbroad, as they seek information for a time period of approximately twenty-six years.

The time period for the requested documents is overly broad in light of detective Robinson's longevity with the police force. Detective Robinson's CV states he was in the elder abuse division from 1998 through 2003. A reasonable time period is from the date of his establishment of the elder abuse division in 1998 through his retirement in 2003.

### CONCLUSION

For the reasons set forth above, the Court ORDERS that the following documents be submitted to the Court for an *in camera* inspection:

1. Personnel records of Fresno County Sheriff Deputy Michael Robinson from 1998 through his retirement in 2003.
2. Internal Affairs investigations conducted by the Fresno County Sheriff Department involving defendant Robinson on issues of elder abuse investigations from 1998 through his retirement in 2003.

Should the Court's review of the personnel file and/or the internal affairs investigation files disclose a pattern of conduct related to the legal or factual issues in this case, the Court will exercise its discretion to broaden the scope of the *in camera* review. For now, a time period of 1998 through 2003 and the scope of the review are reasonable.

The Court FURTHER ORDERS that:

1. The documents shall be submitted to the Court within ten (10) Court days from the date

1 | of service of this Order.

2 |     2. Within two (2) Court days from the service of this Order, Defendants shall file supporting declarations of Lt. Rick Pursell and Sgt. Bob Moore referred to in defendants February 14, 2006 opposition, Doc. 87 in the Court's file.

    3. Plaintiffs may have five (5) Court days after the filing of the declarations to submit supplemental evidence in response to the declarations, if plaintiffs so desire.

IT IS SO ORDERED.

**Dated:   April 19, 2006**                           **/s/ Lawrence J. O'Neill**
b9ed48                                         UNITED STATES MAGISTRATE JUDGE