IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHRYN HOGAN, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　vs.<br><br>FRESNO COUNTY SHERIFF'S<br>DEPUTY MICHAEL ROBINSON,<br>et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. CV-F-03-6408 AWI LJO<br><br>**ORDER AFTER *IN CAMERA* INSPECTION OF PERSONNEL RECORDS AND INTERNAL AFFAIRS INVESTIGATIONS** |

　　　　By notice on March 6, 2006, Plaintiff's motion seeks an order compelling the production of the Internal Affairs and personnel records of retired Fresno County Sheriff Deputy Michael Robinson. On April 20, 2006, this Court issued an order directing defendants to submit the personnel records and internal affairs investigations to the Court for an *in camera* inspection. In its order of April 20, 2006, the Court set forth the legal standards for which the documents would be evaluated in the *in camera* inspection. On April 25, 2006, in accordance with the *in camera* inspection procedure, defendants County of Fresno and Michael Robinson submitted the documents to the Court as directed. Thereafter, the Court reviewed the documents so submitted.

　　　　Three categories of documents were reviewed, and the Court finds as follows:

　　　　1**. Robinson's Personnel file**: The Court finds that these documents are not relevant to the issues in the case and also that the documents are subject to the right of privacy.

　　　　2. **Internal Affairs re the Kathryn Hogan's complaint**: The Court finds that documents Bates stamped 000001 to 000015, in this category, are confidential information protected by the official

information privilege. The remaining documents in this category are ordered to be produced.

3. **Internal Affairs re another elder abuse claim:** The Court finds that documents Bates stamped 000001 to 000027, in this category, are confidential information protected by the official information privilege. The remaining documents in this category are ordered produced due to a similarity in the "favoritism" allegation.

The parties have seven days from the date of service of this Order to object, seek reconsideration or seek review. Thereafter, defendant shall arrange with the Courtroom deputy a date and time to retrieve the documents submitted for the inspection.

The parties are directed to meet and confer on a protective order. Defendants shall produce the documents after the Court issues a protective order stipulated to by the parties.

**IT IS SO ORDERED.**

**Dated:   May 3, 2006**            /s/ Lawrence J. O'Neill
**b9ed48**                          **UNITED STATES MAGISTRATE JUDGE**