IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHRYN HOGAN, et al., | CASE NO. CV-F-03-6408 AWI LJO |
| Plaintiffs, | **ORDER ON MOTION TO COMPEL FURTHER DEPOSITION TESTIMONY OF DEFENDANT ROBINSON** |
| vs. | |
| FRESNO COUNTY SHERIFF'S DEPUTY MICHAEL ROBINSON, et al., | |
| Defendants. | |

Pursuant to the parties' stipulation and Court order, on January 4, 2007, plaintiff filed a motion to compel the further deposition of retired Fresno County Sheriff Deputy Michael Robinson. Defendants County of Fresno and County Sheriff's Deputy Michael Robinson filed an opposition on January 8, 2007. Defendant Patricia Towne filed an opposition also on January 8, 2007. Thereafter, the Court took the matter under submission without oral argument. Having considered the moving and opposition papers, as well as the Court's file, the Court issues the following order.

**FACTUAL AND PROCEDURAL BACKGROUND**

A.  **Plaintiffs' Claims**

This case involves civil rights violations and related state law claims for an investigation of elder abuse. Plaintiffs allege that beginning in June 2000 and continuing through at least February 2003, the plaintiffs were the subject of an elder abuse investigation initiated by, jointly, defendants Patricia Towne

1

(an accountant) and Deputy Michael Robinson, a now-retired detective with the County Sheriff's Department. Plaintiffs allege that in approximately September 2000, Ms. Towne falsely alleged that plaintiffs Kathryn Hogan and Charlotte-Marie Hogan were abusing their elderly parents, plaintiff Thomas Slade Hogan and Frances Hogan (now deceased). Deputy Robinson began to investigate possible elder abuse. Plaintiffs allege that, "[t]hese allegations were concocted out of whole cloth and without supporting evidence." They allege that during the course of his investigation, defendant Robinson conducted activities which made it impossible for the plaintiffs to continue conducting their citrus ranch business in a profitable manner and made it possible for Towne to continue misappropriating the estate. Plaintiffs assert claims for:

1. 42 U.S.C. §1983 against all defendants, including *Monell* claim against the County
2. Declaratory relief against all defendants
3. "State law claims" against the County and Defendant Robinson under Cal. Civ.Code 52.1 and intentional infliction of emotional distress.

Plaintiffs seek compensatory damages of diminution in the value of the ranch of over $1.5 million, emotional distress damages, punitive damages, and injunctive and declaratory relief.

**B.      Procedural overview**

In March 2006, plaintiffs moved to compel production of personnel and internal affairs investigation records relating to Michael Robinson. The Court then ordered an *in camera* review of these records. Certain of the records were ordered produced. Some documents were ordered withheld because they were protected by the official information privilege. (Doc. 101.) The order also stated: "The parties have seven days from the date of service of this Order to object, seek reconsideration or seek review." No motion for reconsideration or further motion to compel was pursued (a motion to compel was filed but taken off calendar when the Joint Statement re Rule 37-251 was not filed.)

Michael Robinson's deposition took place on December 27, 2006.

**C.      Issues to be decided**

**1.      Further deposition testimony requested from defendant Robinson**

Plaintiffs argue that they need further deposition testimony in the following areas:

1) Robinson's refusal to provide detailed testimony or other information pertaining to the

2

outcome of the Fresno County Sheriff's Department's investigation of the internal affairs complaint initiated by plaintiff Kathryn Hogan;

(2) Robinson's refusal to provide detailed testimony or other information pertaining to the specific allegations of financial impropriety that led to defendant Patricia Towne's performing an audit of the Fresno Deputy Sheriff's Association in 1999;

(3) Robinson's refusal to provide detailed testimony or other information pertaining to the results of the audit; and

(4) Robinson's refusal to provide details regarding an elder abuse case he worked on in approximately 1997-2000 involving the mother of the District Judge assigned to this case, the Hon. Anthony W. Ishii.

**2.     Continued Deposition of plaintiff Kathryn Hogan**

The parties agreed to bring an additional issue to the Court's attention in this motion - the continued deposition of Kathryn Hogan. After three deposition sessions, plaintiffs seek parameters on how long the parties may continue to depose Kathryn Hogan.

**DISCOVERY STANDARDS**

**Scope Of Discovery**

F.R.Civ.P. 26(b) establishes the scope of discovery and states in pertinent part:

> Parties may obtain discovery regarding any matter, **not privileged**, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. (Bold added.)

"The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D 281, 283 (C.D. Cal. 1998); *Nestle Foods Corp. v. Aetna Casualty & Surety Co.*, 135 F.R.D. 101, 104 (D. N.J. 1990); *see Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975) (parties opposing discovery are required to carry a heavy burden to show why discovery should be denied).

A.  **Further Testimony re Internal Affairs Investigation and Basis for Robinson's Reprimand**

Plaintiffs want Robinson to be further deposed to explain the conclusions and recommendations for the internal affairs investigation into the complaint filed by plaintiff Kathryn Hogan. He described that there was not an investigation report in the file for the elder abuse claim by Towne, and he was reprimanded by Internal Affairs ("IA"). He explained that there was not an investigation report because of a "computer glitch" which he described. Plaintiffs ask for further deposition to find out the "resultant findings" from the IA investigation.

In *City of San Diego v. Superior Court*, 136 Cal.App.3d 236, 186 Cal.Rptr. 112 (1981), plaintiffs sought to depose two police officers as to whether they had been reprimanded for prior shootings or other violations. *Id.* at 238. Plaintiffs had already sought discovery of the officers' personnel records; and after an *in camera* inspection, the superior court ordered partial disclosure concerning a single shooting incident. Plaintiffs then sought to obtain the non-disclosed information by deposing the officers. The Court of Appeal held that the statutes that protect personnel records also protect information regarding personnel history that is within the officers' personal recollections:

> "the statutes which protect personnel records and information from such records also protect the identical information about personnel history which is within the officers' personal recollections. There would be no purpose to protecting such information in the personnel records if it could be obtained by the simple expedient of asking the officers for their disciplinary history orally."

*Id.* at p. 237.

In the instant case, the Court has conducted an *in camera* inspection of the IA investigation into defendant Robinson. The majority of the records in the file were ordered produced. The records which were withheld following the *in camera* inspection were bates stamped 000001 to 000015 and were the department's conclusions from the IA investigation into the failure to document the investigation of Kathryn Hogan.

Here, defendant Robinson has been deposed and he has testified as to the results of the IA investigation – that he was given a letter of reprimand – and he stated the reason for the reprimand – the failure to document the investigation of Kathryn Hogan. Thus, plaintiffs have discovered the "specific nature" of the IA investigation of defendant Robinson and also the "resultant findings."

1    What plaintiffs are trying to discover is the deliberative process and opinions of the IA
2 investigation. Defendant has already shown to the Court, via the *in camera* inspection, that this
3 information is protected by the official information privilege. Therefore, a further deposition will not
4 be ordered.

5    The Court reached the substantive issue raised in the motion - the official information privilege
6 – but a procedural defect has also been raised by defendant. The procedural defect is that plaintiffs are
7 seeking reconsideration of the Court's May 3, 2006 order after the *in camera* inspection. Defendant's
8 argument has merit. Plaintiffs' request for discovery of the information within the boundaries of the
9 Court's order regarding the IA investigation is an untimely request for reconsideration of the Court's
10 order.

11 **B.    Further deposition re the Audit**

12    From the testimony that defendants have cited, it appears that Robinson fully described the audit
13 and also described his and Towne's involvement. The only testimony not permitted was who committed
14 the fraud and who was in possession of the card.

15    Plaintiffs do not describe what further testimony is needed. Plaintiffs only state that "Robinson
16 refused to disclose exactly what the audit results were." (Doc. 110 p.23:17.) Robinson did, however,
17 disclose it was credit card abuse, the approximate amount, committed by someone in the office staff, that
18 is was not him, and that he discovered the credit card usage when he became FDSA president.

19    Plaintiffs have failed to explain what further testimony Robinson could give on the subject which
20 would be relevant to the case and not subject to third party privacy. This is a failure of plaintiffs to show
21 good cause for further deposition on the issue. Courts balance the need for information against the
22 claimed privacy right. *Ragge v. MCA/Universal Studios,* 165 F.R.D. 601, 604 (C.D. Cal. 1995)

23 **C.    Further testimony on the Investigation re Judge Ishii's mother**

24    Plaintiffs also claim that Michael Robinson refused to "provide details regarding an elder abuse
25 case he worked on in approximately 1999-2000 involving the mother of the District Judge assigned to
26 this case, the Hon. Anthony W. Ishii."

27    The evidence shows that during a period of time when Judge Ishii was a judge of the Fresno
28 County Superior Court, and had a courtroom in Selma, Michael Robinson was assigned to the Superior

5

Court as a bailiff.  (Declaration of Emery M. Robinson ("Robinson Decl."), para. 3). On several occasions, Michael Robinson transported prisoners to Judge Ishii's courtroom in Selma. (Robinson Decl., para. 3). While he was familiar with Judge Ishii at this time because he was a judge, Michael Robinson did not have a personal relationship with Judge Ishii, or even a business relationship that could be characterized as overly friendly. (Robinson Decl., para. 3). Michael Robinson does not believe that Judge Ishii would remember his name if it was presented to him. (Robinson Decl., para. 3).

Robinson recalled that Judge Ishii's mother reported a suspect soliciting a fraud type scheme which was then assigned to a fraud detective.  Robinson was not the detective.  Robinson participated in a stakeout, but did not prepare a report.

There is no indication why this matter would be relevant to any issue in this case.  Plaintiffs have failed to explain what further testimony Robinson could give on the subject which would be relevant to the case.  Further, based on an exhaustive review of the papers filed, this Court finds that the contact between Judge Ishii and Detective Robinson is so remote in time and in fact, so limited, and so tangential that it is of no significance and causes not a scintilla of actual or possible perceived bias.

**D.     Further Deposition of Plaintiff Kathryn Hogan**

The defendants seek permission to continue the deposition of Kathryn Hogan. Plaintiffs does not oppose a further deposition, but seeks the Court's guidance on the parameters for a further deposition.

Defendants argue that Hogan produced 25,000 documents, many handwritten and which she authored.  The parties identified hundreds of witnesses in this matter.  The attorneys agree the case is "complex" and have waived the normal 7 hour deposition limit. Defendant Towne deposed Hogan for 2 and ½ days and counsel for County took up the remainder of the 3rd day, but was unable to finish questioning.

The Court finds that given the scope of Ms. Hogan's involvement and the production of documents, an additional deposition session of no more than 6 hours is granted.

/////

/////

/////

/////

**CONCLUSION**

For the foregoing reasons, the Court ORDERS as follows:

DENIES the request for further testimony from Deputy Robinson re Internal Affairs Investigation and basis for Robinson's reprimand.

DENIES the request for further testimony from Deputy Robinson re the Audit.

DENIES the request for further testimony from Deputy Robinson on the Investigation re Judge Ishii's mother.

GRANTS the request for a further deposition session of plaintiff Kathryn Hogan of no more than 6 hours.

IT IS SO ORDERED.

**Dated:    January 12, 2007**              /s/ Lawrence J. O'Neill
b9ed48                                            UNITED STATES MAGISTRATE JUDGE