1

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                  **FOR THE EASTERN DISTRICT OF CALIFORNIA**

8

9    KATHRYN HOGAN, et al.,                    CASE NO. CV-F-03-6408 AWI LJO

10                Plaintiffs,          **ORDER ON THOMAS HOGAN'S NOTICE
                                        OF CAPACITY**

11        vs.

12   FRESNO COUNTY SHERIFF'S
     DEPUTY MICHAEL ROBINSON,
13   et al.,

14                Defendants.
     _____/

15

16        By notice on January 25, 2007, Plaintiffs filed a notice stating: "that named plaintiff Thomas

17   Slade Hogan now has capacity to participate in this action and is, as of this date, a plaintiff in this

18   proceeding." Defendants filed objections to the notice on January 26, 2007.  Plaintiffs filed a reply on

19   January 27, 2007.  The notice did not set a hearing date and the Court took the matter under submission.

20   Having considered the moving, opposition, and reply papers, as well as the Court's file, the Court issues

21   the following order.

22                    **FACTUAL AND PROCEDURAL BACKGROUND**

23   A.    **Plaintiffs' Claims**

24        This case involves civil rights violations and related state law claims for an investigation of elder

25   abuse.  Plaintiffs allege that beginning in June 2000 and continuing through at least February 2003, the

26   plaintiffs were the subject of an elder abuse investigation initiated by, jointly, defendants Patricia Towne

27   and Deputy Michael Robinson, a detective with the County Sheriff's Department.  Plaintiffs allege that

28   in approximately September 2000, Ms. Towne falsely alleged that plaintiffs Kathryn Hogan and

                                            1

Charlotte-Marie Hogan were abusing their elderly parents, Thomas Slade Hogan and Frances Hogan (now deceased). Deputy Robinson investigated possible elder abuse.  Plaintiffs allege that, "[t]hese allegations were concocted out of whole cloth and without supporting evidence."  They allege that during the course of his investigation, defendant Robinson conducted activities which made it impossible for the plaintiffs to continue conducting their citrus ranch business in a profitable manner and made it possible for Towne to continue misappropriating the estate. Plaintiffs assert claims for:

1. 42 U.S.C. §1983 against all defendants, including *Monell* claim against the County

2. Declaratory relief against all defendants

3. "State law claims" against the County and Defendant Robinson under Cal, Civ.Code 52.1 and intentional infliction of emotional distress.

Plaintiffs seek compensatory damages of diminution in the value of the ranch of over $1.5 million, emotional distress damages, punitive damages, and injunctive and declaratory relief.

B.   **Prior Orders re Thomas Slade Hogan's Capacity**

Thomas Slade Hogan ("Hogan") was named as an individual plaintiff.  District Judge Anthony W. Ishii has considered Thomas Slade Hogan's capacity as a plaintiff on three different occasions. Defendants filed a motion to dismiss for, among other things, lack of capacity of Thomas Slade Hogan, in February 2004.  The grounds were that a state conservator had been appointed for Hogan who had not joined the law suit, and Hogan lacked capacity to sue in his own name.  By order on September 3, 2004, Judge Ishii reserved the issue of whether Hogan should be dismissed for lack of capacity and permitted plaintiff to file a motion for appointment of a guardian ad litem and demonstrate the conservator has a conflict or is unwilling/unable to participate in the lawsuit.  (Doc. 29, p. 22, lines 8-15.)

On October 4, 2004, plaintiff filed a motion for appointment of a guardian ad litem, on the grounds that the conservator had a conflict of interest and could not represent Hogan in the lawsuit.  On January 31, 2005, Judge Ishii denied appointment of a guardian ad litem, found the conservator did not have a conflict, and dismissed Hogan from the case, stating: "Thomas Hogan is dismissed from this case for lack of capacity without prejudice." (Doc. 64, p.17, line 12.)  In April 2005, plaintiff filed another motion for appointment of a guardian ad litem on the grounds that the conservator declined to participate in the lawsuit without consulting with Plaintiffs' counsel or reviewing discovery documents. Judge Ishii

1    denied the second motion finding that the conservator's declaration showed clear evidence that the

2    conservator's failure to participate was based on sound reasons (e.g., litigation costs, risks, etc.)  Thus,

3    Judge Ishii  ruled:

4            "1.    Plaintiffs' motion to appoint a guardian ad litem for Thomas

5                    Hogan is DENIED; and

6            2.    Thomas Hogan remains DISMISSED as a party in the case due to

7                    lack of capacity."  (Doc. 83, p.16, lines 10-14.)

8                            **Plaintiffs' Moving Arguments**

9            Plaintiffs argue that a new conservator, Marve Breech, was appointed in the estate on November

10   6, 2006.  Plaintiffs state that Marve Breech has consented to Thomas Slade Hogan's participation in the

11   case as a plaintiff.  Plaintiffs attach a copy of a certified copy of the Superior Court's "Letters of

12   Conservatorship" appointing Marve Breech as conservator.

13           As to the "consent" by the conservator, plaintiffs attach a letter to plaintiffs' counsel, Kevin

14   Little, from the attorney who represents Marve Breech.  The letter states in its entirety:

15           "This office represent Marve Breech, the successor Conservator of the
             estate of Thomas S. Hogan, Conservatee.  A certified copy of our client's
16           Letters of Conservatorship of the Estate is attached.  After review of the
             pertinent information, Ms. Breech consents to Thomas S. Hogan being
17           named as Plaintiff in the above entitled matter."

18   The letter is signed by the attorney and by Marve Breech who indicates "I approve of the foregoing."

19           Plaintiff argues that "the plaintiffs hereby give notice that named plaintiff Thomas Slade

20   Hogan has capacity, i.e., via the consent of his conservator, and is, as of this date, a proper

21   party to this action."  (Doc. 116, p.2.)

22                            **Defendants' Objections**

23           Defendants, Fresno County, Michael Robinson, and Patricia Towne, CPA submitted joint

24   objections and request to strike the notice of consent.  They request the court require plaintiffs to file a

25   motion to amend the complaint if they wish to introduce a new party to this action.

26           Judge Ishii twice addressed the issue and dismissed Thomas Slade Hogan.  The court should

27   order plaintiffs to file an Amended Complaint, consistent with FRCP 15.  "The Court should do so not

28   based on these procedural grounds, but also because there are legitimate items of dispute as to the

1  restoration of Thomas Hogan as a party plaintiff."

2  **Plaintiffs' Reply**

3  The defense has no right to object to or second guess the conservator of the estate to consent to

4  Hogan's participation as a plaintiff.  They have no legal right to object to any decision of the

5  court-appointed conservator of Dr. Hogan.

6  No adverse party, or Court, can altogether deny a litigant access to the court system, no matter

7  how much they might disagree with the decision of the wisdom of that litigant's decision to do so. *See*

8  *Christopher v. Harbury*, 536 U.S. 403, 413 (2002) (citing cases and acknowledging that the Court has

9  never condoned the loss of the opportunity to resort to the courts for all time, however, but only some

10  restrictions that would place a plaintiff in a position to pursue a relief upon the removal of frustrating

11  conditions).

12  The defense also claims that the plaintiffs should be required to amend their complaint, but the

13  operative Second Amended Complaint (Doc. No. 34) already names Dr. Hogan as a plaintiff. No further

14  amendment needs be made.

15  **Analysis and Discussion**

16  **Conservatorship**

17  Capacity to sue is determined by California law.  Fed.R.Civ.P 17(b) states that, "The capacity

18  of an individual, other than one acting in a representative capacity, to sue or be sued shall be determined

19  by the law of the individual's domicile."  Here, Hogan is domiciled in the state of California and

20  therefore, California's laws control.

21  A conservator has been appointed for Hogan.  The appointment of a conservator of the estate is

22  an adjudication that the conservatee lacks the legal capacity to enter into or make any transaction that

23  binds or obligates the conservatorship estate.  (Cal. Prob. Code §1872.)  After a conservator has been

24  appointed, a petition requesting an order modifying the legal capacity a conservatee would otherwise

25  have may be filed by the conservator or others, as defined by statute.  Prob.Code §1872(a); *O'Brien v.*

26  *Dudenhoeffer,* 16 Cal.App.4th 327 (1993).

27  A successor conservator, Marve Breech, has been appointed.  From the evidence submitted, it

28  appears that the conservatorship remains in place and that the conservatorship has not been terminated.

4

1   A conservatorship continues until terminated by the death of the conservatee or by order of the court.

2   Prob.Code §1860(a).  With the continuation of the conservatorship, under California law, there is an

3   adjudication that the conservatee lacks the legal capacity.

4       Plaintiff has not presented evidence that the state court has made any ruling other than to appoint

5   a successor.  Plaintiffs do not point to any authority which allows a conservator to unilaterally alter the

6   state court finding that a person lacks legal capacity.  A conservator may petition the court for an order

7   authorizing or requiring him to take action that will benefit the conservatee or the estate. (Prob.Code,

8   § 2580(a)(1).)  No such showing has been made.

9       Fed.R.Civ.P 17( c) states:

10          Whenever an infant or incompetent person has a representative, such as
            a general guardian, committee, conservator, or other like fiduciary, **the

11          representative may sue or defend on behalf of** the infant or
            **incompetent person**. An infant or incompetent person who does not

12          have a duly appointed representative may sue by a next friend or by a
            guardian ad litem. The court shall appoint a guardian ad litem for an

13          infant or incompetent person not otherwise represented in an action or
            shall make such other order as it deems proper for the protection of the

14          infant or incompetent person.  (Emphasis added.)

15   Thus, when a person for whom a conservator has been appointed is a party, that person shall appear

16   either by a guardian or conservator of the estate. See also Cal.C.C.P. § 372 (a).

17   **Amendment**

18       To add a new party to the action, the pleadings normally must be amended in accordance with

19   Rule 15 procedures.  At this stage of the instant litigation, leave of court is required to amend a pleading.

20   Fed.R.Civ.P 15(a).  Hogan has been dismissed from the action, albeit without prejudice.  Leave of court

21   is required to add a party.  (Rule 15(a).)  In addition, the Plaintiffs cannot amend the complaint for a

22   person who lacks legal capacity to sue.

23   /////

24   /////

25   /////

26   /////

27   /////

28   /////

5

## <u>CONCLUSION</u>

As plaintiffs have not addressed the above issues raised, the Court STRIKES the notice of adding Thomas Slade Hogan (Doc. 116), and DIRECTS plaintiffs to file a motion for leave to amend, within thirty (30) days, and DIRECTS that the motion, at a minimum, address the issues in this order.

Dated: _____2/2/2007_____                    _/s/ Lawrence J. O'Neill_____
                                                      **UNITED STATES DISTRICT JUDGE**