**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KATHRYN HOGAN, et al.,<br><br>            Plaintiffs,<br>  vs.<br><br>FRESNO COUNTY SHERIFF'S<br>DEPUTY MICHAEL ROBINSON,<br>et al.,<br><br>            Defendants. | CASE NO. CV-F-03-6408 LJO WMW<br><br>**ORDER DENYING MOTION FOR**<br>**RECONSIDERATION** |

**Preface**

The Court has reviewed the Plaintiffs' Counsel's comments in footnote 1. They are inaccurate, degrading to the Court and insulting to the court system. Counsel is cautioned that there is a significant difference between strong advocacy and unprofessional conduct. The Court will give Plaintiffs' Counsel the benefit of the doubt this time, and presume that it was the former goal that was intended. Future counsel caution would be prudent.

**I. Introduction**

Before the Court is a Motion for Reconsideration of its January 12, 2007 Order on Motion to Compel Further Deposition Testimony of Defendant Robinson ("Jan. 12 Order"). Plaintiffs Kathryn Hogan and Charlotte-Marie Hogan ("Plaintiffs") seek reconsideration of each of the four rulings in the Jan. 12 Order, which cover: (1) further testimony from Defendant Michael Robinson ("Robinson") about information contained in an internal affairs and investigations report; (2) further testimony by Robinson about a check fraud investigation; (3) further testimony by Robinson about an unrelated elder abuse investigation; and (4) further deposition of Kathryn Hogan. For the following reasons, this Court DENIES Plaintiffs' Motion for Reconsideration on all counts.

## II. Background

**A. Facts**

This case involves civil rights violations and related state law claims for an investigation of elder abuse. Plaintiffs allege that beginning in June 2000 and continuing through at least February 2003, the plaintiffs were the subject of an elder abuse investigation initiated by, jointly, defendants Patricia Towne (an accountant) and Deputy Michael Robinson, a now-retired detective with the County Sheriff's Department. Plaintiffs allege that in approximately September 2000, Towne falsely alleged that Plaintiffs were abusing their elderly parents, Plaintiff Thomas Slade Hogan and Frances Hogan (now deceased). Plaintiffs allege that during the course of Robinson's investigation, he conducted activities which made it impossible for Plaintiffs to continue conducting their citrus ranch business in a profitable manner and made it possible for Towne to continue misappropriating the estate. Plaintiffs assert claims for: (1) 42 U.S.C. 1983 against all defendants, including Monell claim against the County, (2) declaratory relief against all defendants; (3) state law claims against the Country and Robinson, including intentional infliction of emotional distress. Plaintiffs seek compensatory damages of diminution in the value of the ranch of over $1.5 million, emotional distress damages, punitive damages, and injunctive and declaratory relief.

**B. Pertinent Procedural History**

In January and March 2006, Plaintiffs moved to compel production of personnel and internal affairs investigation records relating to Robinson. The Court then ordered an *in camera review* of these records. Following the *in camera* review, the Court ordered the following:

> 1. **Robinson's Personnel file**: The Court finds that these documents are not relevant to the issues in the case and also that the documents are subject to the right of privacy.
> 2. **Internal Affairs re the Kathryn Hogan's complaint**: The Court finds that documents Bates stamped 000001 to 000015, in this category, are confidential information protected by the official information privilege. The remaining documents in this category are ordered to be produced.
> 3. **Internal Affairs re another elder abuse claim:** The Court finds that documents Bates stamped 000001 to 000027, in this category, are confidential information protected by the official information privilege. The remaining documents in this category are ordered produced due to a similarity in the "favoritism" allegation.

*Hogan v. Robinson, et al*, CV-F-0306408 AWI LJO, "Order After *In Camera* Inspection" (May 3, 2006).

1  Some documents were ordered produced, while others were found to be privileged information. That
2  order also stated: "The parties have seven days from the date of service of this Order to object, seek
3  reconsideration or seek review." *Id.* No party filed an objection, sought reconsideration or review of that
4  order. On June 6, 2006, the Court issued a Protective Order regarding Privileged Documents Ordered
5  Produced Pursuant to Court's In Camera Review.

6  On August 30, 2006, almost four months after the *in camera* inspection order,, Plaintiffs filed
7  a Motion to Compel Further Production of Internal Investigation Documents. That motion was vacated
8  for failure to submit timely papers pursuant to Local Rule 37-251.

9  Robinson was deposed on December 27, 2006. Pursuant to a stipulation between the parties, and
10 the Court order of January 4, 2007, Plaintiffs filed a motion to compel the further deposition of Michael
11 Robinson. The issues as framed by Plaintiffs were: (1) Robinson's refusal to provide detailed testimony
12 or other information pertaining to the outcome of the Fresno County Sheriff's Department's
13 investigation of the internal affairs complaint initiated by plaintiff Kathryn Hogan; (2) Robinson's
14 refusal to provide detailed testimony or other information pertaining to the specific allegations of
15 financial impropriety that led to defendant Patricia Towne's performing an audit of the Fresno Deputy
16 Sherriff's Association in 1999; (3) Robinson's refusal to provide detailed testimony or other information
17 pertaining to the results of the aforementioned audit; and (4) Robinson's refusal to provide details
18 regarding an elder abuse case he worked on in approximately 1999-2000 involving the mother of the
19 District Judge assigned to this case, the Hon. Anthony W. Ishii." (Pl. Brief, 1:24-2:5).

20 After the parties submitted their moving and opposition papers, the Court took the matter under
21 submission, without oral argument. On January 12, 2007, the Court issued its Order which made the
22 following rulings: (1) denied Plaintiffs' motion to compel more testimony from Robinson regarding
23 information contained in the international affairs investigation and basis for Robinson's reprimand; (2)
24 denied Plaintiffs' motion to compel testimony from Robinson regarding the audit of the Fresno Deputy
25 Sheriff's Association in 1999; (3) denied Plaintiffs' motion to compel further testimony on the
26 investigation of an unrelated matter in which the district court judge's mother reported a fraud type
27 scheme; and (4) further deposition of Hogan of no more than 6 hours was granted. Plaintiffs seek
28

3

reconsideration of each issue covered in the Jan. 12 Order.[1]

## III. DISCUSSION

### A. Timeliness of Motion for Reconsideration

Robinson and Towne both argue that the current Motion for Reconsideration is untimely. Both Local Rule 72-303(b) and Federal Rule of Civil Procedure 72(a) require a motion for reconsideration to be made within 10 days of the order to be reconsidered. The order was issued on January 12, 2007 and the Motion for Reconsideration was filed on January 30, 2007–that is, eleven court days after the issuance of the order. Defendants' argument of untimeliness ignores Federal Rule of Civil Procedure 6(e). This rule states that "whether a party must act within a prescribed period of time after service and service is made under Rule 5 (b)(2)...(D), 3 days are added after the prescribed period would otherwise expire under subdivision a." In this case, although 11 days had expired under Rule 6(a), Rule 72(a) time computation begins after the order has been served, thus putting it within the realm of Rule 6(e). Service was effectuated electronically. Electronic service is covered under Rule 5(b)(2)(D). Thus, three days should be added to the computation of time. Therefore, this motion is timely.

### C. Timeliness of Objections to Information found in Internal Affairs report

Plaintiffs request a reconsideration and ask the Court to compel further testimony regarding an internal affairs investigation and the basis for Robinson's reprimand. Plaintiff argues that the Court erred in finding that part of the information found in the internal affairs report is privileged. The bulk of Plaintiffs' argument relates to a line of cases regarding the discovery of administrative files, including internal affairs reports. These arguments are untimely in the current Motion for Reconsideration.

In the Jan. 12 order, this Court noted:

> The Court reached the substantive issue raised in the motion–the official information privilege–but a procedural defect has also been raised by defendant. The procedural defect is that plaintiffs are seeking reconsideration of the Court's May 3, 2006 order after the in camera inspection. Defendant's argument has merit. Plaintiff's request for discovery of the information within the boundaries of the Court's order regarding the IA investigation is an untimely request for reconsideration of the Court's order. (Jan. 12

---

[1] In the instant matter, we have a peculiar procedural case. The Magistrate Judge who issued the Jan. 12 order, due to elevation, is now the District Judge assigned to the case. The result is that the District Judge is reviewing his own order. On February 27, 2007, the Court brought this to the attention of the parties and counsel were given the opportunity to respond with any appropriate requests. No requests were made within the time period prescribed by the Court.

4

order, 5:5-10).

Any objection to the finding of privilege should have been made within the allotted time after the May 3, 2006 order. Plaintiffs chose not to file an objection at the appropriate time. Plaintiffs can not use a Motion for Reconsideration as a tool for objections which should have been brought through a different procedure. See *389 Orange Street Partners v. Arnold*, 179 F.3d 656 (9th Cir. 1999). Therefore, this Court rejects this argument as untimely brought.[2]

**C. Reconsideration**

   **1. Standards of Review**

Reconsideration is appropriate when the district court is presented with newly discovered evidence, committed clear error, or there is an intervening change in controlling law. *School District No. 1J, Multnomah County, Oregon v. A C and S, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993), *cert. denied*, 512 U.S. 1236 (1994). "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Publisher's Resource, Inc. v. Walker Davis Publications, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985) (quoting *Keene Corp. v. Int'l Fid. Ins. Co.*, 561 F.Supp. 656, 665-66 (N.D. Ill. 1982), *aff'd*, 736 F.2d 388 (7th Cir. 1984); see *Novato Fire Protection Dist. v. United States*, 181 F.3d 1135, 1142, n.6 (9th Cir. 1999), *cert. denied*, 529 U.S. 1129 (2000). Reconsideration should not be used to "argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Brambles USA, Inc. v. Blocker*, 735 F.Supp. 1239, 1240 (D. Del. 1990). Under this Court's Local Rule 78-230(k), a party seeking reconsideration must demonstrate "what new facts or circumstances are claimed to exist which did not exists or were not shown upon such prior motion, or what other grounds exist for the motion and why the facts or circumstances were not shown at the time of the prior motion."

   **2. No Manifest Error in the Law**

Plaintiffs object to this Court's use of *City of San Diego v. Superior Court*, 136 Ca. App.3d 236

---

[2] The argument Plaintiff makes regarding the privilege has been considered by this Court previously in the original Motion to Compel, a second Motion to Compel after a meet and confer, after the *in camera* review and finally, in the latest motion to compel. Thus, while the Court declines to once again consider this argument, it has done so on numerous occasions.

(1981) in the Jan 12 order. Plaintiffs argument has missed the point of the citation. In the Jan. 12 Order, this Court cited *City of San Diego* to illustrate a case with procedural similarities. The Court did not rely on this case for its ruling regarding privileges. The Court outlined its legal reasoning and foundations for privileges in its Order for *In Camera* Review of April 20, 2006.

In the Order for *In Camera* Review, this Court relied upon the federal cases of *Sanchez v. City of Santa Ana*, F.2d 1027 (9th Cir. 1990), *cert. denied*, 502 U.S. 957 (1991), *Miller v. Pancucci*, 141 F.R.D. 292 (C.D. Cal. 1992), *Kelly v. City of San Jose*, 114 F.R.D. 653 (N.D. Cal. 1987), *Soto v. City of Concord*, 162 F.R.D. 603 (N.D. Cal. 1995), and *Chism v. County of San Bernadino*, 159 F.R.D. 531 (C.D. Cal. 1994) in its discussion of the official information privilege. See, generally, *Hogan v. Robinson, et al*, CV-F-03-6408, "Order for In Camera Review," (April 20, 2006). These are the same cases relied upon by Plaintiffs in the current Motion for Reconsideration and are still good law. Furthermore, as noted in that order, the instant matter involves both federal questions as well as pendant state claims. The California statutory scheme for confidential law enforcement personnel files and records is "not inconsistent with federal discovery law and privileges" and provides "the appropriate balancing of interests for the determination to be made." *Martinez v. Stockton*, 132 F.R.D. 677, 681 (E.D. Cal. 1990); Order for *In Camera* Review, 6:7-10. Having balanced the privacy rights of the parties against the need for information, consistent with applicable federal law, this Court concluded after the *in camera* review that the majority of the material should be provided under a protective order, while a small amount should be kept confidential pursuant to the privilege. Thus, there is no showing of clear error of law.[3]

**3. No New Facts**

As outlined above, a Motion for Reconsideration requires a showing of new or different facts or circumstances. Plaintiff does claim that "none of the above-cited facts were known or ascertainable from any documents that had been produced. Robinson, Klose, Stuart and Caldera had not been deposed, and none of the factual information upon which the plaintiffs' recent motion was based was

---

[3] Plaintiffs do not assert a change in controlling law for any of the four items in this Motion for Reconsideration. While they do mention "manifest injustice," there is no argument or support in the memorandum regarding that preliminary claim. Accordingly, the Court has no need to consider these arguments in the instant order.

available." Pl. Mot. Reconsideration 9:21-24.

The "new facts" which Plaintiff claims are presented in the following way by Plaintiff:

> Robinson testified that the IA investigation done in response to the complaint lodged by plaintiff Kathryn Hogan resulted in a finding that he 'didn't have a report on file due to a computer glitch' and that he therefore received a letter of reprimand. However, **subsequent depositions**, particularly the depositions of Robinson's former supervisors, now Sanger Police Chief Tom Klose and Fresno Sheriff's Sergeant jay Stuart, **confirm, contrary to Robinson's representation, that this alleged computer error pertains to the 2002 supplemental report he wrote memorialized his investigation, not any report that was written in 2000 or 2001, when he was actually purporting to be investigating Kathryn Hogan** Pl. Mot. Reconsideration, 3:9-17 (emphasis added).

Plaintiff is asserting that the subsequent depositions of Klose and Stuart brought to light new evidence that the "computer glitch" only relates to a 2002 supplemental report and not a report which should have been written in 2000 or 2001, contrary to what was known to Plaintiffs at the time Robinson's deposition was taken.

Counsel for Plaintiff s was aware of the computer glitch situation at the time of the deposition of Robinson. Robinson first discusses this computer glitch on page 9 of his deposition transcript, when he was speaking about the results of the international affairs investigation.[4] Later, counsel asks the following question to Robinson: "[C]an you explain to me how your unplugging the computer and the network crashing in '02 would lead to a reassignment of a case number issued in '01? Because we are talking about '01 case numbers here, right?" Robinson Deposition, 34:14-17. Counsel then follows up with questions relating to how a computer glitch in 2002 could have affected a case number in 2000 or 2001. Plaintiffs had knowledge about when the computer glitch happened and what it may have affected prior to the depositions. Further, Plaintiffs had an opportunity to ask questions relating to the concerns they now raise. Disturbingly, the evidence shows that counsel for Plaintiffs asked questions and received answers about the questions they say arose only after the depositions of Klose and Stuart. For example, later in the deposition testimony, it is counsel for Plaintiffs himself who relates the computer glitch to the entire report of 2000 or 2001, while Robinson disagrees with that assertion, saying "they are someplace, but I have no idea." Robinson Deposition, 173:3.

---

[4] Plaintiffs are again reminded that a Motion to Compel Testimony and a Motion for Reconsideration are not to be used as tools to circumvent the Court's order of May 2006, which found certain information found in the internal affairs file to be privileged.

7

No new evidence or change of controlling law has been asserted in this Motion for Reconsideration. Instead, Plaintiffs present misleading statements and mischaracterizations[5] of the evidence in a misguided attempt to circumvent the Court's prior ruling. Failing to show any new evidence or change in controlling law[6], Plaintiffs motion is denied.

**4. FDSA Audit**

Plaintiffs argue that the Court erred in denying the Plaintiffs information regarding the FDSA audit, because they "should not have to accept the mendacious Robinson's description of this audit as true, particularly when his explanation does not hold water." Pl. Mot. Reconsideration, 10:4-5. Plaintiffs claim that "the Court is preventing the plaintiffs from obtaining highly valuable impeachment information," but is unable to articulate or present to the Court what further information is needed. In the Jan. 12 Order, this Court ruled, "Plaintiffs have failed to explain what further testimony Robinson could give on the subject which would be relevant to the case and not subject to third party privacy." 5:19-20. In the Motion for Reconsideration, Plaintiffs offer no change in controlling law or new facts or circumstances. Further, Plaintiffs still offer no explanation as to what further testimony is needed. Therefore, Plaintiffs' Motion for Reconsideration on this point is denied.

**5. Unrelated elder abuse investigation**

Plaintiffs also assert that the Court erred in refusing to permit more information regarding the investigation Robinson performed regarding elder abuse allegations pertaining to Judge Ishii's mother. Due to the elevation of the undersigned to United States District Court Judge, this case was re-assigned. Judge Ishii is no longer the district court judge assigned to this matter. Therefore, this issue is rendered moot.[7]

**6. Hogan's Further Deposition**

In the Jan. 12 Order, the Court reviewed the issue of the continued deposition of Hogan and

---

[5] Robinson's Opposition to the Motion for Reconsideration also argues that seven other statements made by Plaintiffs are misleading. Memo. Opp. Mot. Reconsideration, 5-8. The Court finds that it is unnecessary to go through all of the statements individually.

[6] Whatever law is cited in this brief relates to Plaintiffs objections to the finding of the privileged information found in the May 3, 2006 order. The latest case in that series was decided in 2002, five years before the present motion.

[7] This ruling does not reach the substantive issues raised by Plaintiffs.

ordered that the defendants would have no more than 6 hours of additional testimony. This issue was presented, not by Plaintiffs in their Motion to Compel Further Testimony, but by Robinson in his Opposition to that motion. See Def. Opp. Mot. Compel Further Testimony. Because of the complexity of the case, Defendants sought guidance of the parameters for a further deposition. Previously, the parties waived the seven hour deposition time limit proscribed by Federal Rule of Civil Procedure 30(b) by way of stipulation.

Plaintiffs argue that they were not "afforded any opportunity to state their position before the Court rendered its decision." Pl. Mot. Reconsideration, 11:7-8. This Court did address the issue without the need for a reply from Plaintiffs. In this Motion for Reconsideration, however, Plaintiffs had an opportunity to present substantive opposition to the ruling. They presented none.

### IV. Conclusion

For the foregoing reasons, Plaintiffs Motion for Reconsideration is DENIED in whole.

**IT IS SO ORDERED.**

**Dated:  March 17, 2007**          /s/ Lawrence J. O'Neill
**b9ed48**                          **UNITED STATES DISTRICT JUDGE**