**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KATHRYN HOGAN; CHARLOTTE - MARIE HOGAN; THOMAS SLADE HOGAN;<br><br>Plaintiffs,<br><br>vs.<br><br>FRESNO COUNTY SHERIFF'S DEPUTY MICHAEL ROBINSON; PATRICIA TOWNE; UNKNOWN LAW ENFORCEMENT OFFICERS; DOES 1- 2; THE COUNTY OF FRESNO, CALIFORNIA;<br><br>Defendants. | 1:03-CV-06408-LJO WMW<br><br>MEMORANDUM OPINION AND ORDER RE: PLAINTIFFS' COUNSEL'S MOTION TO WITHDRAW AND PLAINTIFFS' MOTION TO CERTIFY APRIL 17, 2007 ORDER FOR INTERLOCUTORY APPEAL; DEFENDANT TOWNE'S MOTION TO STRIKE PLAINTIFFS' EXPERT WITNESS DISCLOSURES; COUNTY DEFENDANTS' MOTION TO PRECLUDE PLAINTIFFS' EXPERT WITNESS TESTIMONY<br><br>[Doc. 164, 160,159] |

This is a civil action for damages pursuant to 42 U.S.C. Section 1983. Pending before the court are the following motions: 1) Plaintiffs' Counsel's motion to withdraw and Plaintiffs' motion for certification of the April 17, 2007 order for interlocutory appeal; 2) Defendant Towne's motion to strike Plaintiffs' expert witness disclosures; and 3) Defendants County of Fresno and Michael Robinson's motion to preclude Plaintiffs' expert

witness testimony. The matter was heard before the court on April 26, 2007.

## FACTUAL BACKGROUND

The undisputed facts are as follows. Pursuant to the scheduling order issued in this case, the parties' expert witness designations were to be served no later than April 5, 2007. Plaintiffs served their Initial Expert Witness Designation electronically on April 5, 2007. The expert witnesses retained by Plaintiffs were identified as Ronald Weber, John Bettencourt and David Moore. On April 9, 2007, Defendants received from Plaintiffs the curriculum vitae of the retained expert witnesses. On April 10, 2007, Plaintiffs served supplemental materials to their Initial Expert Witness Disclosure. These materials included declarations from all three experts, as well as the representative cases for David Moore. In each of the declarations, the following representation was made:

> Given the ongoing nature of discovery in this matter and, consequently, my ongoing review of documents, it would be premature for me to express any final opinions at this point. However, the subject matter and nature of my tentative opinions related to this action are accurately described in the plaintiffs' expert designation. They are stated therein as they had been previously orally represented to plaintiffs' counsel.

On April 11, 2007, the court held a telephonic discovery conference with the parties in this case. The matters addressed in the present motion were addressed and set for hearing on April 26, 2007. The court ordered all Counsel to meet and confer to attempt to informally resolve the matters prior to the hearing.

On April 11, 2007, Counsel for Defendants County of Fresno and Michael Robinson ("County Defendants") sent a meet and confer letter to Plaintiffs' Counsel, requesting expert witness reports in full compliance with the Rule 26, FRCP, be provided by April 16, 2006. On April 12, 2007, Plaintiffs' Counsel sent an e-mail to all Defense Counsel, setting forth his position regarding the present dispute. Plaintiffs' Counsel stated in part:

> In order to resolve this dispute, I propose to provide a list of the items reviewed by plaintiff's experts in the next few days. I further propose that, after having the long requested opportunity to examine the original ledgers with my expert, deposing Towne as to her accounting practices, and obtaining the court's ruling on my soon to be filed motion to compel the Board of Accountancy's compliance with my subpoena (and any discovery ordered as a result thereof), plaintiffs' experts will supplement

2

their opinions.

On April 12, 2007, Counsel for Defendant Patricia Towne, CPA, sent a meet and confer letter to Plaintiffs' Counsel.  On April 13, 2007, Counsel for County Defendants sent a responding letter to Counsel for Plaintiffs, indicating agreement with the positions of Defendant Towne and again requesting that expert witness reports in full compliance with FRCP 26 be provided by April 16, 2007.

On April 16, 2007, Plaintiffs' Counsel served a Supplemental Expert Witness Disclosure, adding Dr. Abraham Nievod as a rebuttal expert witness concerning the effects of Alzheimer's Disease.  As of the date of filing Defendants' present motion (April 18, 2007), Plaintiffs had not served Defendants with complete expert witness reports.

## DISCUSSION

**Plaintiffs' Objection to Magistrate Judge**

Plaintiffs state that they object to the undersigned hearing these motions, because potential relief includes amending the scheduling order, and the undersigned has indicated that this issue must be taken up with District Judge Lawrence J. O'Neill.  District Judge O'Neill was consulted in regard to this matter, and stated that he wished for the undersigned to hear this matter.  Accordingly, Plaintiffs' objection is OVERRULED.

**Plaintiffs' Counsel's Motion for Leave to Withdraw, and Plaintiffs' Motion for Referral to Bradshaw Panel, and Alternative Motion to Certify Order of April 17, 2007**

Motion for Leave to Withdraw

The parties held a telephonic conference with District Judge O'Neill on April 13, 2007, to address pending dates.  On April 17, 2007, after the parties filed a motion for clarification, District Judge O'Neill entered an order stating that he had denied Plaintiffs' motion to extend discovery dates and the trial date.

Plaintiffs' Counsel now moves to withdraw as counsel for Plaintiffs' in this action, based on District Judge O'Neill's April 17, 2007 order.  As set forth at length in the moving

3

papers, Plaintiffs' Counsel contends that the court's refusal to extend the discovery and trial dates in this case makes it impossible for him to represent Plaintiffs competently and zealously, particularly in light of his other professional obligations and his need to maintain his health.

Plaintiffs move to have this case referred to the <u>Bradshaw</u> panel for appointment of counsel. The court finds that this matter is not as simple as Plaintiffs' Counsel represents. While this court maintains a list of attorneys interested in representing Plaintiffs in civil rights actions such as this, the court lacks the ability to compel these attorneys to represent anyone.

Plaintiffs make the contention that "whether or not plaintiffs' counsel is permitted to withdraw, and if plaintiffs are not afforded a meaningful and appropriate <u>Bradshaw</u> referral, the moving parties will be substantially prejudiced to the point that the Court's April 17, 2007 Order is the equivalent of the dismissal of their action." Essentially, Plaintiffs argue that if their counsel is denied leave to withdraw, he will not be able to be effective in his representation of Plaintiffs because he will not have time to complete the necessary tasks to prepare for trial, and being forced to abide by the schedule ordered by the court will compromise his health. Alternatively, they argue that if counsel is allowed to withdraw, but no "meaningful and appropriate" <u>Bradshaw</u> referral is "permitted," Plaintiffs are left to litigate this action on their own. Plaintiffs assert that they do not have the financial resources to hire another attorney.

In response to Plaintiffs' Counsel's motion to withdraw, County Defendants claim that this is a matter between Plaintiffs' Counsel, his clients and the court. County Defendants state, therefore, that they do not oppose an order allowing Plaintiffs' Counsel to withdraw. Their non-opposition, however, is conditional upon any order allowing Plaintiffs' Counsel to withdraw not delaying the case. They oppose any order which would delay the existing trial date of July 23, 2007, or effect their ability to file a dispositive motion. They

4

"are not opposed to reasonable extensions of the discovery cut-off dates to accommodate the schedules of counsel and the various witnesses." They note that the motion to withdraw is not a motion to modify the scheduling order, and that any such discussion would therefore premature.

County Defendants oppose any order referring this action for appointment of counsel for Plaintiffs, arguing that Bradshaw does not create a right to counsel in cases under 42 U.S.C. § 1983. County Defendants are correct - Bradshaw appointments are only for cases involving employment discrimination, which is not involved in the present case. However, pursuant to General Order 230, this court maintains a list of attorneys to whom civil rights cases may be "referred." Counsel reviews the case, and decides whether to ask for appointment. If counsel is appointed, the court pays costs only. Prevailing counsel is entitled to attorney's fees under the statute. Losing counsel, even if appointed, does not receive fees either under the statute or from the court. County Defendants correctly note that Plaintiffs have not offered a declaration as to their financial condition.

After considering the parties' arguments, the court finds it must weigh several factors in deciding whether to exercise its discretion to allow Plaintiffs' Counsel to withdraw from this case. See LaGrand v. Stewart, 133 F.3d 1253, 1269 (9th Cir. 1998) (the denial of a motion to withdraw is reviewed for an abuse of discretion). Factors supporting Counsel's motion to withdraw include his busy schedule, his personal health, and how these impact his ability to provide competent representation to Plaintiffs. While these are certainly important factors, the court finds initially that Plaintiffs' Counsel's scheduling problems are self-induced. Further, the court is unconvinced that Counsel lacks the ability to competently represent his clients. Finally, the court finds that the factors supporting Plaintiffs' Counsel's motion are outweighed by the court's responsibility to manage its own case load. This case has been pending since October 8, 2003, and there is a need by all the parties for resolution of the case. The case is set for trial on July 23, 2007, and the court takes judicial notice of

Plaintiffs' Counsel's statement in court that Plaintiffs had consulted some forty attorneys before they found an attorney willing to take the case. When asked if he was aware of competent counsel willing to take this case and proceed to trial on schedule if he were permitted to withdraw, Plaintiffs' Counsel replied that he did not believe such counsel existed. This court cannot, under the present circumstances, find good cause sufficient to support Plaintiffs' Counsel's withdrawal from the case at this late date.

Accordingly, the court will deny Plaintiffs' Counsel's motion to withdraw from this case. However, the denial is without prejudice to Plaintiffs' Counsel's right to renew the motion when and if he is able to present to the court competent new counsel willing to take the case to trial on July 23, 2007.

Appeal of Order of April 17, 2007

Plaintiffs contend that because of the nature of the court's April 17th order, as described above, the order constitutes a collateral order from which they could take an appeal under the principles set forth in Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541,546 (1949). Cohen involved a motion to enforce a state statute to require a plaintiff in a shareholder derivative suit to put up security before proceeding with the action. The Court held:

> We conclude that the matters embraced in the decision appealed from are not of such an interlocutory nature as to affect, or to be affected by, decision of the merits of this case.
> This decision appears to fall in that small class which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated. The Court has long given this provision of the statute this practical rather than a technical construction.

Id. Whether the present case falls within the principles enunciated by Cohen and its progeny, as discussed in more detail by Plaintiffs in their motion, is not a matter before this court. This court does not issue advisory opinions as to whether a particular order is appealable. That is a matter for the Ninth Circuit to decide. Therefore, there is no basis for this court to make a ruling on appealability of this order under the principles set forth in Cohen.

6

Plaintiffs also contend that certification for appeal under 28 U.S.C. Section 1292(b) is warranted.  Section 1292( b) provides:

> b) When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

The court finds  that this section is not applicable to District Judge O'Neill's order of April 17th, 2007, because it does not involve a "controlling question of law to which there is substantial ground for difference of opinion."  Rather, the order involved the exercise of discretion by a district judge regarding altering a scheduling order.   Therefore, the court will deny Plaintiffs' motion to certify District Judge O'Neill's April 17, 2007 order for appeal under Section 1292(b).

**Defendant Towne's Motion to Strike Plaintiffs' Expert Witness Disclosures and County Defendants' Motion to Preclude Expert Witness Testimony**

Defendant Patricia Towne, CPA,  moves  pursuant to Rules 26 and 37 of the Federal Rules of Civil Procedure to strike Plaintiffs' expert disclosures.   Defendant Towne contends that the original expert witness designation submitted by Plaintiffs, as well as subsequently received designations, are defective and should be stricken on the following grounds:

1. The original designation was not signed by any of the experts;
2. The original and subsequent designations do not provide a complete statement of all factual or legal bases for each opinion.  The disclosures provide <u>no</u> factual basis in support of the general opinions articulated.
3. The disclosures do not reveal the data or other information considered in forming the opinion.
4. The initial disclosure did not identify the qualifications of each witness,

7

compensation to be paid to the expert, all publications authored within the last 10 years, or list other cases in which the witness has testified as an expert within the past four years.

5. All but the original designation are untimely.

6. Plaintiffs have not met the requirements for the submission of a "rebuttal" expert.

Rule 26(a), Federal Rules of Civil Procedure, provides in part as follows:

(2) Disclosure of Expert Testimony.

(A) In addition to the disclosures required by paragraph (1), a party shall disclose to other parties the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.

(B) Except as otherwise stipulated or directed by the court, this disclosure shall, with respect to a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony, be accompanied by a written report prepared and signed by the witness. The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

In Schwarzer, Tashima & Wagstaffe, <u>Cal. Practice Guide: Federal Civil Procedure Before Trial</u> (The Rutter Group 2006), § 11:400 provides as follows regarding the effect of this disclosure requirement:

This is an extremely broad disclosure requirement.  It is not limited to matters supporting the expert's opinion.  Rather, the report must include "data or information *considered"* by the witness forming the opinion. [FRCP 26(a)(2)(B).]

Full disclosure must be made of everything to be covered in the expert's direct examination *plus* anything "considered" by the expert.  This includes matters *harmful* to the party's position . . . because they could be subjects for cross-examination at deposition or trial. [See Adv. Comm. Notes to 1993 Amendments to FRCP 26(a)(2)]

Rule 37(c), Federal Rules of Civil Procedure, provides in part as follows:

(c) Failure to Disclose; False or Misleading Disclosure; Refusal to Admit.

8

> (1) A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed. In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions. In addition to requiring payment of reasonable expenses, including attorney's fees, caused by the failure, these sanctions may include any of the actions authorized under Rule 37(b)(2)(A), (B), and (C) and may include informing the jury of the failure to make the disclosure.

Rule 37(b)(2) provides in part as follows:

> (2) Sanctions by Court in Which Action is Pending. If a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule or Rule 35, or if a party fails to obey an order entered under Rule 26(f), the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
>
> (A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;
>
> (B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;
>
> (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;

In addition to the expert witness disclosures being insufficient, Defendant Towne contends that Plaintiffs' expert designations are also untimely and should be excluded on that basis. Defendant Towne relies on Rule 26(a)(2)(A), which provides:

> (A) In addition to the disclosures required by paragraph (1), a party shall disclose to other parties the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.

Defendant Towne asserts that it is undisputed that the parties were to exchange expert witness information no later than April 5, 2007. She claims that although they did so in a timely manner, Plaintiffs provided an insufficient response on the 5th, and then attempted unsuccessfully to remedy these defects five days later on April 10, 2007. The report of Dr.

9

Nievod was received eleven days after the deadline on April 16, 2007.

Defendant Towne argues that Plaintiffs' expert disclosures of April 10th and April 16th cannot properly be considered "supplemental disclosures" under Rule 26(e), which provides in part:

> **e) Supplementation of Disclosures and Responses**. A party who has made a disclosure under subdivision (a) or responded to a request for discovery with a disclosure or response is under a duty to supplement or correct the disclosure or response to include information thereafter acquired if ordered by the court or in the following circumstances:
>
> (1) A party is under a duty to supplement at appropriate intervals its disclosures under subdivision (a) if the party learns that in some material respect the information disclosed is incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing. With respect to testimony of an expert from whom a report is required under subdivision (a)(2)(B) the duty extends both to information contained in the report and to information provided through a deposition of the expert, and any additions or other changes to this information shall be disclosed by the time the party's disclosures under Rule 26(a)(3) are due.

She relies on Keener v. United States, 181 F.R.D. 639 (D.Mont. 1998), in which the defendant had actually submitted two reports, one which it alleged was an initial report and another it alleged was supplemental to that report. In determining that the second report was not supplemental, the Keener court noted:

> However, the defendant's failure to comply with Rule 26 in the initial disclosure is another matter. The defendant attempts to bring the second disclosure within the parameters of Rule 26 by styling it as a "supplement" to the disclosure that was submitted on May 7, 1998. This disingenuous effort does not comply with the intent of Rule 26 or of this court's scheduling order.
> Supplemental opinions are required under Rule 26(e)(1) in only three situations: 1) upon court order; 2) when the party learns that the earlier information is inaccurate or incomplete; or 3) when answers to discovery requests are inaccurate or incomplete. The defendant argues the second report is supplementation of the initial disclosure by contending that the supplemental report "merely expands the opinions which Dr. Lyden will offer." Unless the defendant is conceding that the disclosure made on May 7, 1998 is inaccurate or incomplete, then the second disclosure is not a proper supplemental disclosure as allowed under Rule 26(e)(1). What is set forth in the second report is the information, reasoning and opinions that Rule 26 requires be disclosed in the critical initial disclosure.

Id. at 640. The district court went on to explain:

> The difference between the two disclosures is dramatic. The second disclosure

provides opinions that go to the heart of the case. The first is tantamount to a non-opinion. The initial disclosure does no more than provide a singular view that Dr. Lyden does not know when the patient's left internal carotid artery occluded. To countenance a dramatic, pointed variation of an expert's disclosure under the guise of Rule 26(e)(1) supplementation would be to invite the proverbial fox into the henhouse. The experienced expert could simply "lie in wait" so as to express his genuine opinions only after plaintiff discloses hers. While a variation of this practice is contemplated by the Rules, true rebuttal must occur within 30 days of the original expert disclosure. Otherwise, it fails as admissible proof because the late disclosure of rebuttal opinions is disallowed under the Rules. See Rule 26(a)(2)(C).

C. The Use of Late Disclosed Opinions
A party "that without substantial justification fails to disclose information required by Rule 26(a) shall not, unless such failure is harmless, be permitted to use as evidence at a trial any information not so disclosed." Federal Rule of Civil Procedure 37(c)(1). If full compliance with Rule 26(a) and 26(e)(1) is not made, Rule 37(c)(1) mandates some sanction, the degree and severity of which are within the discretion of the trial judge.
[1]  This circuit has previously considered the issue of expert preclusion as one possible remedy for failure to comply with Rule 26. In Wanderer v. Johnston, 910 F.2d 652, 656 (9th Cir.1990), the Ninth Circuit set out the test to determine the propriety of imposing the sanction of dismissal or default as a remedy for Rule 26 violations. The test requires a court to analyze 1) the public's interest in expeditious resolution of litigation; 2) a court's need to manage its docket; 3) risk of prejudice to the defendants; 4) public policy favoring disposition of cases on their merits; and 5) the availability of less drastic sanctions.

In regard to Dr. Nievod in particular, Defendant Towne argues that he is not a rebuttal witness, as is contended by Plaintiffs.  Evidence is "rebuttal" evidence if it is "intended solely to contradict or rebut evidence on the same subject matter identified by another party under paragraph (2)(B), within 30 days after the disclosure made by the other party." Rule 26(a)(2)(C).  Defendant Towne claims that Dr. Nievod provides general expert witness testimony on the effects of stress on Alzheimer's patients, and that none of Defendants' experts express an opinion on that topic.

Finally, Defendant Towne argues that allowing this type of expert witness exchange would negate the intent of the Federal Rules to eliminate gamesmanship in discovery.  She argues that because of Plaintiffs' blatant failure to comply with the Rules, their expert witnesses should be excluded, and Plaintiffs should not be permitted to use their reports or testimony during discovery, in support of or in opposition to any motion, or at trial.

11

Defendant Towne further argues that because Plaintiffs' counsel was made aware of the substantive deficiencies in the expert witness designation, but refused to correct them, Defendants are entitled to the costs of filing the present motion.

County Defendants move to preclude Plaintiffs from offering the testimony of any of their designated retained expert witness testimony at trial, or in any future court proceeding. County Defendants make their motion on the same grounds discussed above in connection with Defendant Towne's motion.

As with Defendant Towne, County Defendants rely on Rule 37(c)(1), Federal Rules of Civil Procedure, which provides that"[a] party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) shall not, unless such failure is harmless, be permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed."  The test under FRCP 37 requires a court to analyze (1) the public's interest in expeditious resolution of litigation; (2) a court's need to manage its docket; (3) risk of prejudice to the defendants; (4) public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.  Wander v. Johnston, 910 F.2d 652, 656 (9th Cir. 1990).

In addressing these five factors, County Defendants argue that the public and the parties have an interest in the expeditious resolution of litigation.  Under Rule 37(c)(1), Plaintiffs must demonstrate that the failure to make the timely disclosure of their expert witness declarations was substantially justified.  County Defendants argue that Plaintiffs have provided no relevant evidence as to why it was not possible for final opinions to have been provided in a timely manner.   Plaintiffs claim that their accounting expert, John Bettencourt, has not been able to review the ledger in this case, and that they are attempting to obtain documents from the California Board of Accountancy related to Defendant Towne. However, County Defendants argue, the Plaintiffs do not explain how the issue about the ledger has anything to do with the opinions of experts Ronald Weber (police practices) or

12

David Moore (handwriting).  None of the experts have declared that they were somehow prevented from reviewing enough materials to provide "final opinions."  As County Defendants argue, this case was filed in 2003, and the majority of the documents in the case were produced prior to 2006.  Further, most of the key depositions in this case, including that of the parties, were taken prior to February of 2007.  County Defendants argue that Plaintiffs have therefore not come close to the "substantial justification" standard.

The Ninth Circuit has explained that, "[t]wo express exceptions ameliorate the harshness of Rule 37(c)(1):  The information may be introduced if the parties' failure to disclose the required information is substantially justified or harmless."  Yeti by Molly v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir.2001).  The court further stated that, "[i]mplicit in Rule 37(c)(1) is that the burden is on the party facing sanctions to prove harmlessness."  Id. at 1107.  County Defendants argue that Plaintiffs cannot make that showing of harmlessness in this case, because Plaintiffs' experts have now had the luxury of reviewing Defendants' expert witness designations prior to rendering any "final opinions" themselves, a considerable litigation advantage.  Further, County Defendants argue that expert discovery ends on May 2, 2007, and Defendants still do not have the information that the expert witnesses relied upon to form the opinions that they claim they represented orally to Plaintiffs' counsel.  Defendants conclude that they have been considerably prejudiced by Plaintiffs' failure to comply with FRCP 26.

Finally, County Defendants claim that there is no less drastic sanction that could be imposed other than complete preclusion of the evidence.  They argue that limiting the experts' testimony to the representation made by Plaintiffs' counsel in the initial disclosure would be unfair, because the experts themselves did not sign the disclosure.  To the extent that the experts adopted Plaintiffs' counsel's statements, they did not provide a factual or legal basis for these statements.  Therefore, argue County Defendants, complete preclusion is justified.

13

Plaintiffs oppose Defendants' motions to strike or preclude their expert witness testimony, making four arguments. First, Plaintiffs argue that they have substantially complied with the requirements of Rule 26(a)(2). They claim that Defendants are therefore moving ahead with the depositions of Plaintiffs' experts, now scheduled for May 1 and May 2. Second, Plaintiffs argue that Local Rule 37-251's meet and confer requirements have not been met, as Plaintiffs have not had an opportunity to respond to or address the defense contentions. Plaintiffs' counsel explains that he was not advised that defense counsel objected to his expert designations until the day of the April 11, 2007 conference call with the court. Although Defendants demanded amended expert disclosures by April 16, 2007, Plaintiffs' counsel's sister "took a turn for the worse" on April 13, 2007 and died on April 16, 2007. Defense filed the present motions on April 18, 2007, the day Plaintiffs' counsel left town to attend his sister's funeral, and counsel will not return until April 25, 2007. (He filed a notice of unavailability to this effect.) Plaintiffs' counsel states that due to his unavailability all counsel have not met and conferred since Defendants objected to the expert designation. He therefore claims that the present motions are premature.

Third, Plaintiffs contend that the relief Defendants request is unavailable, because they have not first moved for and obtained an order compelling further compliance with Rule 26(a). Plaintiffs base this argument on language in the California Practice Guide, a copy of which is attached. However, the court finds that the portions of FRCP 37(c) and 26(a) quoted in the Guide do not directly support the language for which they are cited.

Fourth, Plaintiff argues that Defendants' own expert witnesses' reports are not fully compliant with Rule 26(a), and provides an itemized list of defects in each expert's report.

After reviewing all of the parties' arguments in regard to both motions, the court finds as follows. In regard to Defendant Towne's motion, the court agrees with her that Plaintiffs' expert witness disclosures are insufficient for each of the first four grounds listed on page 7 above. As Defendant Towne argues, Plaintiffs' expert disclosures of April 10,

2007, and April 16, 2007, cannot properly be considered supplemental disclosures under Rule 26(e), as Plaintiffs provide insufficient grounds for their failure to timely provide this information on April 5, 2007.  Further,  Dr. Nievod clearly does not meet the standard for a rebuttal witness, as no Defense experts have presented an opinion he has been retained to rebut.  Accordingly, the court will grant Defendant Towne's motion to preclude the use of Plaintiffs' expert witnesses' testimony at trial  pursuant to Rule 37(b)(2)(B) and Rule 37(c)(1).

In regard to County Defendants' motion, the court finds that County Defendants have made the required showing under Rule 37(c)(1) to support this court granting their motion to preclude the use of Plaintiffs' expert witnesses.   The court must agree with County Defendants that Plaintiffs have not shown why it was not possible for them to provide the final opinions of their experts Ronald Weber or David Moore, and so have not met the standard of "substantial justification."  The court further finds that Plaintiffs cannot make a showing of harmlessness, because, as County Defendants argue, Plaintiffs' experts have now had the litigation advantage of reviewing Defendants' expert designations before rendering any final opinions.   In light of the substantial deficiencies in Plaintiffs' disclosures outlined by Defendants, Plaintiffs' argument regarding substantial compliance is unavailing.  While the court is sympathetic with Plaintiffs' Counsel's family emergency which arose on April 13, 2007,  Counsel certainly had the opportunity to meet and confer with opposing counsel any time before April 5, 2007, and then up until April 13, 2007, once he realized that his disclosures were going to be incomplete.   Plaintiff has not cited any controlling legal authority requiring Defendants to first move for a lesser sanction and any alleged deficiencies  in Defendants' disclosures must be the subject of a separate motion.

**ORDER**

In light of the foregoing, IT IS HEREBY ORDERED as follows:

15

1) Plaintiffs' Counsel's motion to withdraw from this case is DENIED without prejudice to Plaintiffs' Counsel's right to renew the motion when and if he is able to present to the court competent new counsel willing to take the case to trial on July 23, 2007;

2) Plaintiffs' motion to certify District Judge O'Neill's order of April 17, 2007, as an interlocutory appeal pursuant to 28 U.S.C. Section 1292(b) is DENIED;

3) Defendant Towne's motion to strike Plaintiffs' expert witness disclosures is GRANTED;

4) County Defendants' motion to preclude Plaintiffs from offering the testimony of their expert witnesses in any form at trial is GRANTED;

5) Defendants' motions for fees and costs is DENIED.

IT IS SO ORDERED.

**Dated:   May 15, 2007**              /s/  **William M. Wunderlich**
                                       UNITED STATES MAGISTRATE JUDGE