1

2

3

4

5

6          **IN THE UNITED STATES DISTRICT COURT**

7          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

8

9   KATHRYN HOGAN, et al.,                    CASE NO. CV-F-03-6408 LJO WMW

10                  Plaintiffs,               **ORDER ON PLAINTIFFS' AND
                                              PLAINTIFFS' COUNSEL'S MOTION FOR**
11                                            **RECONSIDERATION (DOC. 185);
                                              GRANTING IN PART and DENYING IN**
12                                            **PART MOTION FOR RECONSIDERATION**

13          vs.

14  FRESNO COUNTY SHERIFF'S
    DEPUTY MICHAEL ROBINSON,
15  et al.,

16                  Defendants.
                                      /
17

18

19          On May 10, 2007, Plaintiffs and their counsel moved for reconsideration of the Magistrate

20  Judge's April 26, 2007 order which: (1) granted Defendants' motion to preclude expert witness

21  testimony (Doc. 159), (2) granted Defendant Patricia Towne's motion to strike Plaintiffs' expert witness

22  disclosure (Doc. 160), (3) denied Plaintiffs' counsel's motion to withdraw (Doc. 164) and (4) denied

23  Plaintiffs' motion for appointment of Bradshaw counsel or certify order of April 17, 2007 for appeal

24  (Doc. 164). A hearing on the motion for reconsideration was scheduled (Doc. 193) and took place on

25  May 17, 2007 at 1:30 p.m. in Courtroom 4 (LJO). Plaintiffs Kathryn Hogan and Charlotte-Marie Hogan

26  appeared by attorney Kevin Little. Defendant Patricia Towne appeared by attorney Jerry D. Casheros.

27  Defendants Michael Robinson and Country of Fresno appeared by Michael R. Linden.

28          Local Rule 78-230(k) governs motions for reconsideration of non-final orders. That rule

1

1  provides:

2      Whenever any motion has been granted or denied in whole or in part, and a subsequent motion for reconsideration is made upon the same or any alleged different set of facts,
3      it shall be the duty of counsel to present to the Judge...to whom subsequent motion is made an affidavit, or brief, as appropriate, setting forth each motion for which
4      reconsideration is sought, including:
       1) when and to what Judge...the prior motion was made;
5      2) what ruling, decision or order was made thereon;
       3) what new or different facts or circumstances are claimed to exist or were not shown
6      upon such prior motion, or what other grounds exist for the motion; and
       4) why the facts or circumstances were not shown at the time of the prior motion.

7

8  Though motions for reconsideration are generally disfavored, a motion to reconsider is appropriate if

9  the court committed clear error or the initial decision was manifestly unjust.  *School Dist. No. 1J,*

10 *Multnomah County v. AcandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).  A party seeking reconsideration

11 must set forth facts or law of a strongly convincing nature to induce a court to reverse its prior decision.

12 *Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F.Supp. 565, 665 (E.D. Cal. 1986), *aff'd in part and*

13 *rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1997).

14     On the record, for PART of the hearing only, the Court asked all parties to leave the courtroom

15 except Plaintiffs' counsel and court employees.  The Court then held a hearing on the record, made a

16 specific finding, and which the Court thereafter ordered sealed.  Based on: (1) a finding made during the

17 sealed portion of the hearing, (2) the evidence that the declaration from the treating physician of

18 Plaintiffs' counsel dated 5/15/2007 was not generated at the time of the motion to withdraw and was not,

19 therefore, made available to the Magistrate Judge, and (3) the evidence that Plaintiffs had been

20 adequately noticed by their counsel, and had not objected to Plaintiffs' counsels motion to withdraw,

21 the Court found that the new facts were of a strong and convincing nature and thus GRANTED the

22 motion for reconsideration IN PART, as that motion pertained to Plaintiffs' counsel's motion to

23 withdraw.  The motion to withdraw was granted, and  Plaintiffs' counsel's withdrawal is effective

24 immediately.  Plaintiffs are now In Pro Se.

25     Having considered  the following documents: (a) the 16-page memorandum, opinion and order

26 filed  by the Magistrate Judge on May 15, 2007 relating to the April 26, 2007 order (Doc. 195); (b)

27 Plaintiffs' counsels 27-page memorandum of points and authorities in support of the instant motion for

28 reconsideration (Doc. 185), (c) Defendants' counsel's memoranda in opposition to the motion for

reconsideration (Docs. 199, 200); (d) Plaintiffs' counsel's supplemental briefs (Docs., 201 and 202), the Court found no cause to overturn the Magistrate Judge's order on any other motions or matters. Therefore, Plaintiffs' motion for reconsideration on all other motions was DENIED.

The trial date remains intact, as do all other orders of this Court.


IT IS SO ORDERED.

**Dated:    May 17, 2007**                    **/s/ Lawrence J. O'Neill**
UNITED STATES DISTRICT JUDGE