**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KATHRYN HOGAN, et al., | CASE NO. CV-F-03-6408 LJO WMW |
| Plaintiffs, | **ORDER AFTER MAY 25, 2007 HEARING** |
| vs. | Hearing Date: May 25, 2007 |
| FRESNO COUNTY SHERIFF'S | Hearing Time: 1:10pm |
| DEPUTY MICHAEL ROBINSON, et al., | Courtroom: 4 (LJO) |
| Defendants. / | |

Defendants jointly filed an Ex Parte Application Order Allowing Supplementation of Motions for Summary Judgment (Doc. 212-1). Plaintiffs, now proceeding pro per, have expressed to counsel that they oppose all outstanding motions. (See Doc. 212-3). A hearing on the ex parte application was set for May 25, 2007 at 1:10 p.m in Courtroom 4 (LJO).[1] (Doc. 221). Defendants County of Fresno and Michael Robinson appeared by counsel Michael Linden. Defendant Patricia Towne appeared by counsel Jerry Casheros. Plaintiffs Kathryn Hogan and Charlotte-Marie Hogan did not appear.[2]

At the hearing, the Court entertained arguments by Defendants on whether to grant the ex parte

---

[1] Also in that Order, the Court ordered Plaintiffs to file with the Clerk of Court an email address or fax number so that the Court could effectuate immediate notice for future orders. Noting an email address for Plaintiff Kathryn Hogan from Doc. 212-3, the Court sent a copy of the May 24, 2007 order to Plaintiff. Also, from phone numbers contained in previous counsel for Plaintiffs' Declaration in Support of his Motion to Withdraw (Doc. 166), the Court called the phone numbers listed for Plaintiffs Kathryn Hogan and Charlotte-Marie Hogan. The purpose and substance of those phone calls was to give notice to Plaintiffs of the date and time of the hearing and to give an accurate phone number to call: (559) 499-5680. The Court gave such information over the phone to Kathryn Hogan and as a message on the answering machines of both Plaintiffs.

[2] At approximately 2:10pm on May 25, 2007, Plaintiff Kathryn Hogan did call the Court. At that time, Kathryn Hogan was notified of the Court's ruling which ordered her continued deposition to take place on May 29, 2007 (see below).

1


application to supplement the motion for summary judgment (Doc. 212), the application to supplement the motion for summary judgment (Doc. 212), and the ex parte application for notice to compel the deposition of Kathryn Hogan (Doc. 230). Considering the absence of Plaintiffs, the Court questioned counsel as to their efforts to properly notice Plaintiffs of the motions. On May 23, 2007, Defendant's counsel Mr. Linden provided Plaintiffs with notice of intent to file the ex parte motion to supplement the motion for summary judgment by way of email. (Doc. 212-3). This Court, as explained in footnote 1 of this Order, further provided notice of the motion to be considered at the May 25, 2007 hearing on May 24, 2007. On May 24, 2007, at approximately 11:41 a.m., a telephone call was placed to Kathryn Hogan by Evangelina Gamez, a secretary at Mr. Linden's law firm, notifying Ms. Hogan of Defendant's intent to submit an ex parte application for an order shortening time as to the motion to compel the deposition of Kathryn Hogan. (Doc. 230-4). An email was sent to Plaintiff Charlotte-Marie Hogan on May 24, 2007, giving her notice of Defendants' intent to file the ex parte application to compel the deposition of Kathryn Hogan and the ex parte application to supplement the motion for summary judgment. (Doc. 230-3, 11-14).

On the issue of ex parte applications, the Court notes that this case is currently set for trial to begin on July 23, 2007. Moreover, this case has been in litigation for almost four years. Finally, the deadline for dispositive motions was May 24, 2007. Thus, it is in the interest of justice to resolve all issues related to outstanding discovery, court orders, and dispositive matters in an expeditious manner.

This Court further notes that the outstanding and additional six hours of deposition testimony by Kathryn Hogan was ordered by this Court on January 12, 2007. On March 19, 2007, this Court reaffirmed that order. Several outstanding issues, including the motion to withdraw by Plaintiffs counsel, have precluded the deposition from taking place.

On May 18, 2007, Mr. Linden noticed the deposition of Kathryn Hogan for May 29, 2007 at 9:00 a.m. in Sacramento.[3] On the same day, counsel contacted Kathryn Hogan via telephone and informed her of the Court's order allowing her counsel to withdraw. On May 19, 2007, Mr. Linden sent an email to Plaintiffs, informing them of the aforementioned notice of deposition. On May 22, 2007, Kathryn

---

[3] While Defendants' counsel are located in Fresno, Plaintiffs reside in Sacramento.

1  Hogan responded to Mr. Linden's email, indicating that she would not agree to appear at her deposition.
2  Later that day, Ms. Hogan sent a return email to Mr. Linden, re-stating her position that she would not
3  agree to appear at her deposition. Specifically, in an email, Kathryn Hogan states:

> Until we receive instructions from the court about their ruling and our rights to obtain counsel, I am telling you that I will not agree to any deposition without counsel present, or depositive (sic) motions without counsel. There is no court order that I am aware of requiring me to be subject to deposition without counsel present....We also believe that any filings of any nature on calendar including depositive (sic) motions should be denied until we have instructions from the court about our rights and how to proceed to trial once we receive the court's order. (Email of May 22, 2007, Doc. 230-3, 12)

On May 23, 2007, for a third time represented that she would not appear that the deposition, stating "Again, I will not agree to any further deposition without counsel present. Show me the stipulation and order for me to be deposed without counsel. This is what I asked you for." (Email of May 23, 2007, Doc. 230-3, 11).

The Court can not act as counsel for Plaintiffs. It is the Court's duty to remain impartial at all times, to protect the integrity and independence of this Court. This Court neither initiates nor considers <u>ex parte</u> communications on the merits of a pending or impending proceeding. Thus, the Court can not offer Plaintiff the type of "instructions...on how to proceed to trial" she seeks. Moreover, Plaintiffs are represented. As pro se litigants, Plaintiffs now represent themselves. As such, they have an obligation to follow the law and the orders of this Court.

Having considered the arguments presented and motions filed and served, this Court ORDERS:

(I) Defendants <u>ex parte</u> application and motion for order to compel the deposition of Kathryn Hogan (six additional hours) is GRANTED (Doc. 230). **The deposition of Kathryn Hogan shall take place on Tuesday, May 29, 2007 at 9:00 a.m.** at the Law Firm of Weakley, Ratliff, Arendt & McGuire, LLP. The address is 1630 East Shaw Avenue, Suite 176, Fresno, California 93710. Telephone: (559) 221-5256. Facsimile: (559) 221-5262. Ms. Kathryn Hogan is ORDERED to appear at the deposition at the properly notice day, time and place, whether or not she is represented by an attorney;

(II) Mr. Linden is ORDERED to give immediate notice to Plaintiff Kathryn Hogan of the deposition to take place on Tuesday, May 29, 2007 by way of telephone call to any and all phone numbers in his possession, any and all email addresses in his possession and

by any other means of communication he possesses. Mr. Linden is further ORDERED to send a notice of deposition to Kathryn Hogan by mail, postmarked today, May 25, 2007;

(III) Mr. Linden is ORDERED to file a declaration with this Court no later than Tuesday, May 29, 2007 evidencing the notice to Kathryn Hogan as described in paragraph (II) above; and

(IV) Defendants' ex parte application and motion to supplement the motion for summary judgment is GRANTED (Doc. 212). Any supplement to the motion for summary judgment shall be filed and served by Defendants no later than five (5) court days after the deposition takes place on Tuesday, May 29, 2007.

IT IS SO ORDERED.

**Dated:   May 25, 2007**              /s/ Lawrence J. O'Neill
                                       UNITED STATES DISTRICT JUDGE