**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KATHRYN HOGAN, et al.,<br><br>    Plaintiffs,<br><br>vs.<br><br>FRESNO COUNTY SHERIFF'S DEPUTY MICHAEL ROBINSON, et al.,<br><br>    Defendants. | CASE NO. CV-F-03-6408 LJO WMW<br><br>**ORDER TO STAY PROCEEDINGS PENDING OUTCOME OF APPEAL; ORDER VACATING ALL PENDING DATES** |

Plaintiffs filed a notice of appeal on May 25, 2007. In the notice of appeal, Plaintiffs "note" that the appeal has the effect of staying the trial proceedings. Plaintiffs did not, however, file a motion to stay the proceedings in this case, nor is a motion to stay the proceedings pending. Plaintiffs have further refused to follow a court order to attend the deposition, have not responded to the motions for summary judgment or the motions to dismiss, and have indicated to defense counsel their unwillingness to cooperate in the preparation of the Joint Pre-trial Statement, which is due on June 6, 2007, on their belief that filing of the appeal stayed these proceedings.

The Court does find that a question of *jurisdiction* has been raised with the filing of the interlocutory appeal. "The filing of a notice appeal is an event of jurisdictional significance–it

confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). However, "[a]bsent a stay, an appeal seeking review of collateral orders does not deprive the trial court of jurisdiction over other proceedings in the case, and an appeal of an interlocutory order does not ordinarily deprive the district court of jurisdiction except with regard to the matters that are the subject of the appeal. *Britton v. Co-op Banking Group*, 916 F.2d 1405, 1412 (9th Cir. 1990) (quoting Manual for Complex Litigation Sections 25.11, 25.16 (2d ed.)). Thus, before the Court goes forward with the case, it must determine whether Plaintiffs are seeking review of a "collateral order" of the type discussed in Britton. If so, this Court and parties could proceed as planned. If this type of order is similar to the order as described in Bradshaw v. Zoological Soc. of San Diego, 662 F.2d 1301, however, jurisdiction of all proceedings in this case are called into question and proper prudence suggests this Court refrain from taking further action.

The order from which Plaintiffs appeal includes a motion to appoint counsel. In *Bradshaw v. Zoological Soc. of San Diego*, 662 F.2d 1301, the Ninth Circuit found that an order denying a civil rights plaintiff appointed counsel was final, in that they are

> "too important to be denied review," and that they are "separable from, and collateral to," the cause itself." *Cohen*, 337 U.S. at 546, 69 S.Ct. at 1226. There is a risk that " 'crucial collateral claims (will) be lost ...' " *Firestone*, 449 U.S. 368, 101 S.Ct. at 674 (quoting *Mathews v. Eldridge*, 424 U.S. at 331 n.11, 96 S.Ct. at 901 n.11), unless the right to appeal from such orders is recognized, and that immediate review is required "so as not to cause ... potentially irreparable injuries to be suffered" in those cases. *Firestone, id.* We thus hold that denying Title VII plaintiffs appointed counsel are immediately appealable under section 1291. (*Id.* at 1320)

While *Bradshaw* dealt with a Title VII case only, it is possible that the Ninth Circuit Court of Appeals would find the Bradshaw ruling applicable in the present civil rights case. Further, it is possible that the current discovery motion and dispositive motions are "crucial collateral" issues to the undecided issue of the appointment of counsel. Considering this looming jurisdictional question, the Court finds the best course of action is to take no action until this the Court of Appeals resolves the appeal. While this Court has an interest in keeping

its trial date intact, it is also against judicial efficiency to try cases more than once. Therefore, the Court hereby ORDERS as follows:

    (I)    This case shall be STAYED until the determination of the pending appeal;

    (II)    All pending dates are VACATED until further notice, including

        (A)    the Pre-trial conference currently set for June 12, 2007,

        (B)    the Motion to Dismiss Hearing currently set for June 22, 2007,

        (C)    the Motion for Summary Judgment hearing currently set for July 9, 2007, and

        (D)    the trial currently set for July 23, 2007; and

    (III)    The Court SETS a status conference in 90 days from the date of this order, on September 7, 2007 at 8:15 a.m. in Department 4.

IT IS SO ORDERED.

**Dated:   June 1, 2007**              /s/ Lawrence J. O'Neill
                                              UNITED STATES DISTRICT JUDGE