IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHRYN HOGAN, et al., | CASE NO. CV-F-03-6408 LJO WMW |
| Plaintiffs, | **ORDER DENYING APPLICATION FOR RECONSIDERATION OR SET-ASIDE JUNE 4, 2007 ORDER** |
| vs. | |
| FRESNO COUNTY SHERIFF'S DEPUTY MICHAEL ROBINSON, et al., | |
| Defendants. | |

**I. Introduction**

On June 4, 2007, this Court issued and Order to Stay Proceedings Pending Outcome of Appeal (Doc. 243) ("Order to Stay"). On the same day, Defendant Patricia Towne filed an Application for Reconsideration or Set-Aside the Order to Stay. (Doc. 244). On June 8, 2007, Defendants Michael Robinson and County of Fresno filed a Joinder of the Application (Doc. 245). The Court notes that Defendants have filed this request for reconsideration as an "Application" rather than a motion. The Court further notes that Defendants did not file an Ex Parte Motion to Shorten Time along with the application, notwithstanding the time sensitive nature of the request. No opposition or response to this application was filed by Plaintiffs. For the reasons contained herein, this application for reconsideration is DENIED.

///

## II. Pertinent Procedural Background

On May 10, 2007, Plaintiffs and their counsel moved for reconsideration of the Magistrate Judge's April 26, 2007 order which, among other things, denied Plaintiffs' counsel's motion to withdraw. The parties appeared before this Court on May 15, 2007 for a hearing on the matter. For part of that hearing, this Court held a proceedings with Plaintiffs' counsel only, at which time a finding was made and then ordered sealed. Based on that finding and the evidence presented by Plaintiffs' counsel's treating physician, the Court granted Plaintiffs' counsel's motion for reconsideration of the order denying his motion to withdraw as counsel. Plaintiffs, although not present at the proceeding, were now moving forward in pro se. A written order on the Motions for Reconsideration was filed on May 17, 2007.

On May 21, 2007, the Court filed an Order Substituting Attorney. (Doc. 207). In that order, the clerk of court was directed to substitute Plaintiffs' attorney to Plaintiffs in Propria Persona and to serve Plaintiffs with the May 17, 2007 order as well as that order to their last known addresses. At that time, the only contact the Court had with Plaintiffs was through their last known mailing addresses, as submitted to the Court in Plaintiffs' counsels motion to withdraw.

On May 23, 2007, Defendants filed an <u>ex parte</u> application for an Order Allowing Supplementation of Motions for Summary Judgment. (Doc 212). The next day, on May 24, 2007, Defendants filed a Motion for Summary Judgment. (Doc. 214, 224). Also on May 24, 2007, Defendant Towne filed an ex parte application to shorten time and a motion to compel the deposition of Plaintiff Kathryn Hogan. (Doc. 227, 230).

On May 25, 2007, during a hearing on the motions, this Court granted Defendants' motion to supplement the motions for summary judgment and the motion to compel deposition testimony. The Court ordered that Plaintiff Kathryn Hogan comply with previous Court orders and appear for a deposition on May 29, 2007. While Plaintiff Kathryn Hogan did call the Court and was aware of the hearing, she did not appear. Instead, she filed a Notice of Appeal of the Motion for Reconsideration on that day.

On May 29, 2007, Plaintiff Kathryn Hogan did not appear for her deposition as ordered. Although the order from the May 25, 2007 hearing was not filed until May 29, 2007, the Court ordered

1  Defendants to give notice of the Court's order to Plaintiff Kathryn Hogan using all available means and
2  to file a declaration with this Court that such notice was given.  The next day, on May 30, 2007,
3  Defendants filed an ex parte motion to shorten time and motions to dismiss Plaintiff Kathryn Hogan
4  from the action for not complying with this Court's order.

5        The Court set a hearing for the Motions to Dismiss for June 22, 2007.  The hearing on the
6  Motions for Summary Judgment was reset to July 6, 2007.  These dates were set with an interest in
7  keeping the trial date then scheduled for July 23, 2007 and being mindful that this litigation is almost
8  four years old.

9        Plaintiffs did not comply with the Order of May 25, 2007 requiring Plaintiffs to file a fax
10  number, email address or other immediate contact information with the Court.  Thus, the Orders of the
11  Court could only be served on Plaintiffs through the United States Postal Services.  Because of this, the
12  filing of this Court's orders was delayed as the clerk's office needed additional time to prepare the order
13  for mailing.

14        Plaintiffs initially called the Court to ask for help. The Court explained to Plaintiffs that ex parte
15  communications were not allowed.  Noting the phone calls, the Court wrote in the Order of May 29,
16  2007, "The Court can not act as counsel for Plaintiffs.  It is the Court's duty to remain impartial at all
17  times, to protect the integrity and independence of this Court."  Order after May 25, 2007 Hearing, 2
18  (Doc. 236).  Because Plaintiffs were proceeding pro se, and there were pending motions for summary
19  judgment, the Court did file an informational order on May 31, 2007, which was thereafter served on
20  Plaintiffs.

21        On June 6, 2007, the Court issued its Order to Stay.  The Court noted in the Order to Stay its
22  concerns that the filing of the appeal may have divested this Court of jurisdiction.  "The filing of a notice
23  of appeal is an event of jurisdictional significance–it confers jurisdiction on the court of appeals and
24  divests the district court of its control over those aspects of the case involved in the appeal."  *Griggs v.*
25  *Provident Consumer Discount Co.*, 459 U. S. 56, 58 (1982), cited in Order to Stay, 1-2.

26                               **III. Analysis**
27  **A. Standard of Review**
28        Reconsideration is appropriate when the district court is presented with newly discovered

evidence, committed clear error, or there is an intervening change in controlling law. *School District No. 1J, Multnomah County, Oregon v. A C and S, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993), *cert. denied*, 512 U.S. 1236 (1994). "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Publisher's Resource, Inc. v. Walker Davis Publications, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985) (quoting *Keene Corp. v. Int'l Fid. Ins. Co.*, 561 F.Supp. 656, 665-66 (N.D. Ill. 1982), *aff'd*, 736 F.2d 388 (7th Cir. 1984); see *Novato Fire Protection Dist. v. United States*, 181 F.3d 1135, 1142, n.6 (9th Cir. 1999), *cert. denied*, 529 U.S. 1129 (2000). Though motions for reconsideration are generally disfavored, a motion to reconsider is appropriate if the court committed clear error or the initial decision was manifestly unjust. *School Dist. No. 1J, Multnomah County v. AcandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). A party seeking reconsideration must set forth facts or law of a strongly convincing nature to induce a court to reverse its prior decision. *Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F.Supp. 565, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1997).

**B.     Reconsideration Not Proper**

Defendants argue that the basis for the Court's order is incorrect and therefore, the Order to Stay should be vacated and all dates be reinstated. Defendants incorrectly concluded that the basis for the Order to Stay is this Court's determination that the order from which Plaintiffs appealed is appealable. This Court did not make a judgment on the appealability of the order. Indeed, it is not for this Court to judge whether an order is appealable or not. That is a question for the Court of appeals.

Instead, the Court was concerned about whether the filing of the notice of appeal had divested this Court of jurisdiction. It is the duty of this Court to act only when it has jurisdiction. "At the core of the federal judicial system is the principle that the federal courts are courts of limited jurisdiction. A review of the federal court's jurisdiction is a threshold question...Even though not raised by the parties, lack of jurisdiction may be considered by the court, at any stage of the proceedings." *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062 (9th Cir. 1979), citing *Chicago, Burlington, & quincy Ry. v. Willard*, 220 U.S. 413, 31 S. Ct. 460, 55 L. Ed. 521 (1911).

In issuing the Order to Stay, the Court mentioned its concern about the jurisdictional question raised by the filing of the notice of appeal. Defense respond that "this jurisdictional question has already

been answered, conclusively by the Ninth Circuit. The law is clear that Bradshaw applies exclusively to Title VII cases and denial of counsel in those cases is immediately appealable. By contrast, denial of counsel in §1983 cases is not immediately appealable." Application for Reconsideration, 5. Defendants argument may be correct concerning the applicability of Bradshaw to the present case; however, they failed to address all issues currently raised by Plaintiffs on appeal.

Plaintiffs appealed from the Order Granting in Part and Denying in Part Plaintiffs' and Plaintiffs' Counsel's Motion for Reconsideration (Doc. 205). That order does not soley contain the issue of Bradshaw counsel. Instead, that Order covered an order from the Magistrate Judge which decided several issues, including Plaintiffs' counsel's motion to withdraw, Plaintiffs' Motion for Referral to Bradshaw panel, Plaintiffs' Motion to Certify Order of April 17, 2007 for Appeal (Order Denying Motion to Continue Pre-Trial and Trial Dates), Defendant Towne's Motion to Strike Plaintiffs' Expert Witness Disclosures, and County Defendants' Motion to Preclude Expert Witness Testimony. Thus, even if Defendants are correct in their argument, they have not offered any further argument on the jurisdictional effect of the notice of appeal on all issues currently before the Ninth Circuit Court of Appeals. By only focusing on one issue, while leaving all other matters up for reconsideration unaddressed, Defendants have not persuaded this Court should reverse its prior ruling.

Furthermore, reconsideration is appropriate if an order is manifestly unjust. *School Dist. No. 1J, Multnomah County v. AcandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Defendants have not argued that the order to stay is manifestly unjust. While they are not required to do so, the Court notes that granting the application to vacate the Order to Stay may have an effect which is manifestly unjust. Defendants pray that this Court reinstate the dates for the pending motions to dismiss, motions for summary judgment, Pre-trial conference and Trial.[1] There are also pending discovery motions with the Magistrate Judge. The Court is mindful that the delivery of previous and current orders to Plaintiffs at this time occurs only through the United States Postal Service, even though the Court has ordered Plaintiffs to enter into the system an immediate form of notification.

As a matter of due process, parties whose rights are to be affected are entitled to be heard; and

---

[1] Some of those dates have already passed, which would make the request moot.

in order that they may enjoy that right, they must first be notified. See *BMW of North America, Inc. v. Gore*, 517 U.S. 559, 116 S. Ct. 1589 (1996); *Peralta v. Heights Medical Center, Inc.*, 485 U. S. 80, 108 S. Ct. 896 (1998). An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. *Schroeder v. New York*, 371 U. S. 208 (1962). Plaintiffs may be willfully refusing to participate in these proceedings. However, it would be impossible for the Court to determine whether or not notice has been proper, given the pending dispositive motions and the current schedule necessary to keep the July 23, 2007 trial date intact. The prior procedural history immediately preceding the Order to Stay illustrates the due process concerns which may be raised by granting Defendants' application.

### IV. Conclusion

For all of these reasons, Defendants' application for reconsideration is DENIED (Doc. 244). IT IS SO ORDERED.

Dated:   **June 20, 2007**           /s/ Lawrence J. O'Neill
                                                     UNITED STATES DISTRICT JUDGE