IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHRYN HOGAN and CHARLOTTE-MARIE HOGAN,<br><br>                Plaintiffs,<br><br>   vs.<br><br>MICHAEL ROBINSON, Fresno County Sheriff Deputy, COUNTY OF FRESNO, PATRICIA TOWNE,<br><br>                Defendants,<br>   and<br><br>CALIFORNIA BOARD OF ACCOUNTANCY,<br><br>                Third Party Defendant. | CASE NO. CV-F-03-6408 LJO WMW<br><br>**ORDER ON DEFENDANTS' MOTIONS TO DISMISS** (Docs. 237, 239) |

## I. Introduction

Defendants Michael Robinson and County of Fresno ("County defendants") and Patricia Towne ("Ms. Towne") seek to dismiss this action based on plaintiff Kathryn Hogan's ("Ms. Hogan's")[1] refusal to obey this Court's order to appear for six hours of additional deposition testimony. Having considered the full record and Ms. Hogan's continued and willful refusal to comply with this Court's orders, this

---

[1] Ms. Hogan is the focus of the County defendant and Ms. Towne's (collectively "defendants'") motion. To avoid confusion, this Court will refer to plaintiff Charlotte-Marie Hogan as "Charlotte-Marie." Ms. Hogan and Charlotte-Marie will be referred to collectively as "plaintiffs."

1

Court GRANTS in PART and DENIES in PART defendants' motions to dismiss. This Court further orders defendants to refile and serve their pending motions for summary judgment, in light of this order and sets a briefing schedule on the pending motions for summary judgment.

## II. Background

After two years of discovery, Ms. Hogan was deposed January 3-5, 2007, by this Court's order, but was not completed. The parties sought this Court's guidance on the parameters of Ms. Hogan's continued deposition. On January 12, 2007, this Court ordered six additional hours of Ms. Hogan's continued deposition. Plaintiffs sought reconsideration of that order but did not argue that further deposition testimony was improper. This Court's March 19, 2007 order denied reconsideration.

On April 13, 2007, this Court denied plaintiffs' motion to continue the trial. Based on that order, Ms. Hogan refused to appear at her additional deposition. Defendants sought clarification on the issue of the additional six hours of deposition testimony. This Court issued an order clarifying that Ms. Hogan was required to appear for an additional six hours. Ms. Hogan's deposition was set for May 9, 2007 but was cancelled because plaintiffs' counsel Kevin Little ("Mr. Little") did not respond. This Court denied Mr. Little's motion to withdraw as plaintiffs' counsel. Mr. Little and plaintiffs sought reconsideration of denial of Mr. Little's withdrawal. This Court granted that motion for reconsideration in part on May 17, 2007.

On May 23, 2007, defendants filed an ex parte application for an order to allow them to supplement their summary judgment motions because they lacked Ms. Hogan's complete deposition testimony. On May 24, 2007, defendants filed summary judgment motions. On that same date, Ms. Towne filed an ex parte application to shorten time and a motion to compel Ms. Hogan's deposition. At the May 25, 2007 hearing on the motions, this Court granted defendants' motions to supplement the summary judgment motions and to compel deposition testimony. This Court ordered Ms. Hogan to comply with previous Court orders and appear for a deposition on May 29, 2007.

Ms. Hogan did not appear for her May 29, 2007 deposition. She filed a notice to appeal the reconsideration motion. On May 30, 2007, defendants filed an ex parte motion to shorten time and motions to dismiss Ms. Hogan from the action for disobedience this Court's order to appear for her additional deposition. The Court set a June 22, 2007 hearing for the defendants' motions to dismiss.

The summary judgment motions hearing was reset to July 6, 2007. These dates were set to maintain the then trial date of July 23, 2007 and in mind that this litigation is almost four years old.

### III. Analysis

**A. Standards of Review**

Fed. R. Civ. Proc. 41(b) allows for an involuntary dismissal of an action "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of the court."  Local Rule 11-110 also provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Fed. R. Civ. Proc. 37 permits a district court, in its discretion, to issue an order "dismissing the action or proceeding or any part thereof, or rendering a judgment by default" against a party who fails to comply with an order compelling discovery. Fed. R. Civ. P. 37(b)(2)(C). The standards for dismissal or default under Rule 37 are essentially the same as those for an involuntary dismissal under Rule 41(b) for failure to comply with a court order. *Malone v. United States Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987).

Before imposing dismissal as a sanction, this Court must weigh five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's needs to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on either merits; and (5) the availability of less drastic sanctions. *Thompson v. Housing Auth. of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986), *cert. denied*, 479 U.S. 829 (1986). A court "may affirm a dismissal where at least four factors support a dismissal...or where at least three factors 'strongly' support dismissal." *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998).[2]

**B.  Dismissal of Ms. Hogan**

    **1.  Public's Interest in Expeditious Resolution**

The first factor weighs strongly in favor of dismissal because the public has a strong interest in expeditious resolution of this litigation. This action was filed almost four years ago and has been delayed numerous times. This Court's May 25, 2007 order observed that "it is in the interest of justice

---

[2] Defendant Towne also asks the Court to consider dismissal based on this Court's inherent powers. Because this Court finds good cause under the Federal Rules of Civil Procedure, this Court need not discuss this argument.

to resolve all issues related to outstanding discovery, court orders, and dispositive matters in an expeditious manner." The conditions which existed at that time continue, namely Court orders have been disobeyed, the trial and dispositive motions have been delayed because of Ms. Hogan's refusal to appear at her deposition, and her tactical filing of an untimely appeal. The public's interest in expeditious resolution is stronger at this time. Since the filing of this motion to dismiss, Ms. Hogan has refused to meet with defense counsel and this Court in an apparent effort to delay this four-year-old action.

**2.     Court's Need to Manage its Own Docket**

This factor weighs strongly in favor of dismissal. At the beginning of January 2007, Ms. Hogan allowed the County defendants one afternoon for deposition testimony. Although the parties had previously waived the time limitations of Fed. R. Civ. P. 30, Ms. Hogan wanted the court's guidance as to the remaining length of the deposition. This Court ordered Ms. Hogan to provide six hours of additional testimony on January 12, 2007. (Doc. 113). Ms. Hogan sought reconsideration of that motion and Mr. Little stated that Ms. Hogan would not be produced until the Court heard the reconsideration. On March 19, 2007, this Court denied the reconsideration motion and again ordered the additional deposition testimony, because although "Plaintiffs had an opportunity to present substantive opposition to the ruling. They presented none."

On April 13, 2007, this Court conducted a conference call with the parties and denied plaintiffs' request to modify the scheduling order. After this ruling, Ms. Hogan and Mr. Little refused to appear for the deposition, claiming that the April 13, 2007 order prevented further discovery. Defendants sought clarification of the order on this issue, and on April 17, 2007, the Court ordered for a third time that defendants could complete Kathryn Hogan's deposition. On April 26, 2007, the County defendants noticed Ms. Hogan's deposition for May 9, 2007. However, since the County defendants were unable to reach Mr. Little to confirm that she would be produced, this deposition was taken off the calendar.

At a May 17, 2007 hearing, this Court granted Mr. Little's motion to withdraw, and plaintiffs proceed pro se. Because Ms. Hogan was not present at the hearing, this Court suggested that the parties conduct a conference call to discuss the matter of Ms. Hogan's deposition. On May 18, 2007, the County defendants noticed Ms. Hogan's deposition for May 29, 2007 in Sacramento. Ms. Hogan

4

indicated her refusal to appear at the deposition continually by email to defense counsel. The County defendants filed an ex parte motion to compel, which was granted at a May 25, 2007 hearing.

Ms. Hogan's deliberate refusal to appear for the Court-ordered deposition over this eight-month period has caused numerous motions, filings, hearings, ex parte applications, ex parte hearings, and orders from this Court. It has further caused Ms. Hogan to file an interlocutory appeal, which was dismissed. Ms. Hogan filed a motion to reconsider the appeal's dismissal. Ms. Hogan's failure to comply with the May 25, 2007 order to compel her additional deposition is one episode in a long history of unreasonable behavior–indeed the six hours of deposition testimony had been ordered no less than four times in the last eight months. Furthermore, since defendants filed the motion to compel in May, Ms. Hogan has continued to ignore other Court orders. Ms. Hogan is intent to deliberately contribute to the congestion of an already overburdened court.

### 3.  **Prejudice to Defendants**

This factor weighs in favor of dismissal. Defendants have been prejudiced considerably by Ms. Hogan's disregard of this Court's orders. Defendants were prejudiced by the fact that they had to file their summary judgment motions prior to completing Ms. Hogan's deposition to give Ms. Hogan the opportunity to review the motions and anticipate future lines of questioning. Ms. Hogan continues to refuse to allow defendants to finish the deposition. Without Ms. Hogan's further deposition testimony, defendants are prejudiced in that their summary judgment motions would be considered without additional, necessary evidence. Defendants have also been prejudiced in preparation for trial for, among other reasons, Ms. Hogan has produced several thousand documents since January 5, 2007.

Plaintiffs argue that they are disadvantaged by lack of legal counsel. They explain that although they have diligently sought legal representation, they have not found anyone they can afford. Plaintiffs conclude that they "cannot ascertain how the defendants claim to be 'disadvantaged,' as the plaintiffs have been since their counsel was dismissed."

This Court is to consider the prejudice to defendants, not plaintiffs. *Thomas*, 782 F.2d 829, 831. That said, plaintiffs have had three months to obtain counsel. Further, this Court notes that plaintiffs originally requested the trial take place during the summer months, because they are teachers and they would not be working. Thus, efforts to obtain counsel would have not been impeded by work during

1  these summer months. Finally, this Court stayed this case until the interlocutory appeal was dismissed.
2  Defendants have continued to experience prejudice from delay in discovery and trial preparation and
3  resolution. The delay has necessitated the filing and opposing serial motions and to prepare for a trial
4  that ultimately did not proceed. These considerations favor dismissal.

**4.      Policy Favoring Disposition of Cases on the Merits**

The public policy favoring disposition of cases on their merits "is particularly important in civil rights cases." *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998). Generally, this factor weighs against dismissal; however, the "degree of plaintiff's personal responsibility for malfeasance is relevant to the propriety of dismissal." *Malone v. United States Postal Service*, 833 F.2d at 134.

Ms. Hogan argues that she has little personal responsibility in not appearing for the deposition because she has acted on advice of her counsel. Ms. Hogan attached an email response dated May 26, 2007 from  email address "fwllaw@aol.com" from "Kevin." Ms. Hogan indicates that this email is from her attorney. In the email message, Kevin advised Ms. Hogan: "So, just to be clear, the bottom line is that the filing of the notice of appeal will stay further proceedings until the appeal is resolved." The next line has been blacked out. A June 1, 2007 email, clearly from Mr. Little, reads:

> Kathryn, you and Charmie should not participate in any more trial proceedings, i.e., you should not even attempt to respond to the motion to dismiss or attempt to submit some sort of pretrial statement. You have already made your position clear, in your notice of appeal, that you believe your pending appeal stays matters related thereto...After all, your appeal is based on the fact that the judge refused to consider appointing counsel and is forcing you to go to trial after permitting, over your objection, my motion to withdraw, maintaining the current trial date, and holding you to the failing of an attorney he found incapable of representing you.

From the submitted evidence, Mr. Little apparently advised Ms. Hogan not to participate in these proceedings after this Court granted reconsideration to permit Mr. Little to withdraw on May 17, 2007. On May 21, 2007, this Court issued a separate order substituting plaintiffs in place of Mr. Little, to make clear that, at their request, Mr. Little was no longer counsel of record. Attached to the submitted emails is this Court's May 24, 2007 order issued to set the ex parte hearing for May 25, 2007. Thus, there is evidence that Ms. Hogan knew for several days that Mr. Little was no longer her attorney. In the email, Mr. Little reiterates this decision when he notes that the Court found him "incapable of representing" her. A client is unable reasonably to rely on advise of counsel who admits to being incapable of

6

representation. At the time the advice was given, Ms. Hogan knew he was no longer representing her. Therefore, her current claim that she acted on advice of her counsel is disingenuous. Finally, Ms. Hogan's willful refusal to attend the court-ordered deposition is apparent through emails submitted by defense counsel in this and previous motions stemming from this dispute.

### 5. Availability of Less Drastic Sanctions

Defendants argue that although this Court has not previously ordered monetary sanctions, it would have been justified in doing so under Fed. R. Civ. P. 37(a)(4)(B), as there was no basis in the law for Ms. Hogan to represent to County defendants that she was not going to appear for her deposition on May 29, 2007 (which necessitated the motion to compel). Defendants further argue that because of "Plaintiffs' previous litigation tactics and disregard for court orders, there is no reason to believe that Plaintiffs would timely comply with an order imposing a lesser sanction." Thus, Defendants argue that the fact that lesser sanctions have not been imposed should not prevent the Court from dismissing this case. Plaintiffs did not respond to this factor in their response.

This Court should first consider less drastic alternatives, but need not exhaust other possible sanctions or less drastic alternatives before dismissing the case under Fed. R. Civ. P. 41(b). *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996); *Von Poppenheim v. Portland Boxing and Wrestling Commission*, 442 F.2d 1047, 1053-54 (9th Cir. 1971). While this Court has considered less drastic alternatives, and discussed them below, the Court may properly dismiss a case based on a single willful violation of a Court order. *Valley Engineers Inc. v. Electric Eng. Co.*, 158 F.3d 1051, 1056 (9th Cir. 1998). "[W]illfulness" is evidenced by "disobedient conduct not shown to be outside the control of the litigant." *Henry v. Gill Industries*, 983 F.2d 943, 948 (9th Cir. 1993). In this case, as discussed *infra*, the evidence shows that there has been a continued and continual willful disobedience of this Court's order.

### 6. Conclusion

Where a court order is violated, the first and second factors favor imposition of termination sanctions and the fourth will cut against them. *Adriana International Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990). Therefore, whether terminating sanctions are appropriate turns on the third and fifth factors. *Id.* The first and second factors in this case strongly favor dismissal, as discussed above.

1  Further, although the fourth factor normally cuts against sanctions, "the degree of a plaintiff's personal
2  responsibility... is relevant to the propriety of dismissal." *Malone*, 833 F.2d at 134. In this case, there
3  is evidence of Ms. Hogan's personal responsibility for the malfeasance in repeatedly violating this
4  Court's order. The third factor also weighs in favor of dismissal, because the defendants have been
5  prejudiced by Ms. Hogan's failure to appear at the deposition, especially now that the dispositive
6  motions have been filed.

7  Although this Court has not previously ordered lesser sanctions, this Court finds dismissal
8  appropriate. Ms. Hogan has demonstrated repeatedly that court orders are unimportant and has refused
9  to appear for her deposition despite clear and direct orders. This Court has issued several orders to
10 appear for the deposition without compliance. Ms. Hogan suggests that she did not appear based on
11 advice from her counsel or former counsel. However, in opposition to this motion to dismiss, she
12 continues to make excuses why she should not comply with this Court's order. She does not offer to
13 make herself available for her additional deposition. Completion of her deposition is in Ms. Hogan's
14 control. She has steadfastly refused to complete it. Evidence submitted with this motion shows that
15 since no later than August 2005, defendants have attempted to depose Ms. Hogan to no avail.

16 Ms. Hogan's evidence demonstrates that she does not have much money. The further record
17 substantiates as much. Thus, monetary sanctions are unrealistic, as it would be ordering the impossible.
18 The lesser sanction of disallowing her to testify at trial is tantamount to granting a slow dismissal.
19 Finally, this Court has repeatedly warned plaintiffs that failure to comply with this Court's orders would
20 result in sanctions, including the probability of dismissal. In this case, with this history, and with this
21 attitude, the imposition of lesser sanctions would be futile.

22 **C. Dismissal of Charlotte-Marie Hogan**

23 The first and third factors discussed above apply to the discussion of Charlotte-Marie as well.
24 However, because the other factors consider Ms. Hogan's refusal to appear for the deposition, they do
25 not apply here. There is no evidence that Charlotte-Marie has acted with any personal responsibility for
26 malfeasance. The prejudice to the defendants is based on Ms. Hogan's failure to complete the
27 deposition. Although this Court may dismiss the claims of co-plaintiffs for the prejudice caused by
28 plaintiff's discovery violations,, *Payne v. Exxon Corp.*, 121 F.3d 503, 309 (9th Cir. 1997), this Court

does not find it appropriate to dismiss Charlotte-Marie's claims.

## IV. Conclusion

Based on the foregoing reasons, the Court:

1. DISMISSES Kathryn Hogan as a plaintiff and her claims;
2. DENIES dismissal of Charlotte-Marie Hogan and her claims;
3. VACATES the September 7, 2007 hearing on defendants' motion to dismiss; and
4. DIRECTS the clerk to enter judgment in favor of defendants Michael Robinson, County of Fresno and Patricia Towne and against plaintiff Kathryn Hogan.

In light of this ruling, the portions of defendants' summary judgment motions as to Kathryn Hogan are moot. As such, this Court:

1. ORDERS defendants, no later than September 11, 2007, to refile and serve summary judgment papers on Charlotte-Marie Hogan's remaining claims;
2. ORDERS Charlotte-Marie Hogan, no later than September 25, 2007, to file and serve papers to oppose summary judgment;
3. ORDERS defendants, no later than October 2, 2007, to file and serve a reply papers; and
4. **SETS summary judgment hearing for October 9, 2007 at 8:30 a.m. in Courtroom 4 (LJO).** Counsel may appear telephonically by arranging a one-line call and dialing (559) 499-5680.

IT IS SO ORDERED.

Dated:   **August 28, 2007**                             /s/ Lawrence J. O'Neill
                                                     UNITED STATES DISTRICT JUDGE