IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHRYN HOGAN, et al., | CASE NO. CV-F-03-6408 LJO WMW |
| Plaintiffs, | **ORDER ON DEFENDANTS' MOTIONS FOR ATTORNEYS' FEES AS TO KATHRYN HOGAN (Docs. 298, 299)** |
| vs. | |
| FRESNO COUNTY SHERIFF'S DEPUTY MICHAEL ROBINSON, et al., | |
| Defendants. | |

## I. INTRODUCTION

Defendants County of Fresno and Detective Michael Robinson ("County Defendants") and Patricia Towne ("Ms. Towne") (collectively referred to as "Defendants") filed separate motions for attorneys' fees pursuant to 42 U.S.C. §1988 against Plaintiff Kathryn Hogan ("Ms. Hogan")[1] in this 42 U.S.C. §1983 action. Defendants argue they are entitled to attorneys' fees as to Ms. Hogan because her claims were unreasonable, frivolous, meritless, and/or vexatious. Ms. Hogan did not oppose this motion. For the reasons discussed below, this Court declines to exercise its discretion to award Defendants' motions for attorneys' fees.

---

[1] This action originated with three plaintiffs: Kathryn Hogan, Thomas Slade Hogan, and Charlotte-Marie Hogan. The current motions are against Kathryn Hogan only. Defendants' separate motions for attorneys' fees as to Charlotte-Marie Hogan are pending before this Court. Defendants did not pursue attorneys' fees against Thomas Slade Hogan, who was dismissed as a plaintiff on June 7, 2007.

1

## II. BACKGROUND

This complex litigation extends over four years, and involves disputes which began in 1999. This Court has detailed, on numerous occasions, the extensive factual and procedural background of this case. The Court summarizes the relevant background for this motion below.

Ms. Hogan filed her complaint against County Defendants on October 18, 2003. (Doc. 1). Ms. Hogan subsequently filed her first amended complaint ("FAC") on December 30, 2003, adding Ms. Towne as a defendant. (Doc. 5). Ms. Towne filed a motion to dismiss the FAC, which was granted in part and denied in part on September 7, 2004. (Doc. 29). In that order, the Court denied the motion to dismiss Ms. Hogan's substantive due process claims. On January 31, 2005, the Court again granted in part and denied in part Defendants' motions to dismiss Ms. Hogan's second amended complaint. Specifically, the Court denied Defendants' motions to dismiss Ms. Hogan's conspiracy claim.

Ms. Hogan proceeded on her Corrected Third Amended Complaint ("TAC"), which was filed on May 5, 2006. (Doc. 73). In the TAC, Ms. Hogan asserted causes of action against Ms. Towne, Detective Robinson and the County of Fresno pursuant to 42 U.S.C. §1983. Ms. Hogan alleged that Ms. Towne and Detective Robinson conspired to deprive her of her constitutional rights under the Fifth and Fourteenth Amendments to the U.S. Constitution and Cal. Civ. Code §52.1.

The trial was set to begin on July 23, 2007.[2] On April 13, 2007, Ms. Hogan sought to continue the trial, but that motion was denied. (Doc. 156). Subsequently, on April 18, 2007, Ms. Hogan and her counsel, Kevin Little ("Mr. Little"), filed a motion for leave to withdraw as counsel. (Doc. 164). On April 26, 2007, the magistrate judge, *inter alia*, denied Ms. Hogan's and Mr. Little's motion to withdraw. (Docs. 159-163, 195). On May 17, 2007, this Court heard Ms. Hogan's and Mr. Little's motion for reconsideration of the April 26, 2007 order and granted leave to withdraw. (Docs. 205, 207). Since May 17, 2007, Ms. Hogan has proceeded *in propria persona*.

On May 24, 2007, Defendants filed motions for summary judgment against Ms. Hogan. On May

---

[2] A brief summary of the case is warranted. For over two years, the parties litigated extensively over dismissal of Thomas Slade Hogan as a plaintiff. Throughout the discovery period, numerous disputes arose between the parties. The Court resolved motions to compel deposition testimony of several witnesses, motions to compel production of documents, a motion to compel compliance with a subpoena, a motion to exclude witnesses, and motions for reconsideration of the Court's previous discovery orders. Furthermore, the parties sought on more than one occasion to modify the scheduling order and extend discovery deadlines.

30, 2007, Defendants filed motions to dismiss Ms. Hogan for failure to follow this Court's order directing her to appear for additional deposition testimony. The motion was stayed briefly, while Ms. Hogan pursued an untimely interlocutory appeal, which was dismissed by the appellate court for lack of jurisdiction. On August 29, 2007, this Court granted Defendants' motions to dismiss Ms. Hogan as a plaintiff, for failure to follow this Court's order. (Doc. 254).

Defendants filed motions for attorneys' fees as to Ms. Hogan on September 28, 2007. County Defendants seek $252,038.00 in attorneys' fees, as calculated from the inception of the case. Ms. Towne seeks nearly $350,000. Ms. Hogan did not file an opposition to Defendants' motions. Therefore, she is not entitled to be heard at oral argument pursuant to Local Rule 78-230(c). Accordingly, this Court vacates the November 8, 2007 hearing pursuant to Local Rule 78-230(h) and issues the following order.

### III. STANDARD OF REVIEW

In this 42 U.S.C. §1983 action, Defendants seek an award of attorneys' fees pursuant to 42 U.S.C. §1988(b), which provides, in relevant part: "In any action or proceeding to enforce...[42 U.S.C. §1983]...the court, in its discretion, may allow the prevailing party...a reasonable attorney's fee as part of the costs." Under this statute, a prevailing plaintiff should ordinarily recover attorneys' fees unless special circumstances would render such an award unjust, but a prevailing defendant should not routinely be awarded attorneys' fees simply because he succeeded, but rather only where action is found to be unreasonable, frivolous, meritless, or vexatious. *Vernon v. City of Los Angeles*, 27 F.3d 1385, 1402 (9th Cir. 1994); *see also Roberts v. Spalding*, 783 F.2d 867, 874 (9th Cir), *cert. denied*, 479 U.S. 930 (1986) (a prevailing defendant in a civil rights action should only be awarded attorneys' fees where an action is unreasonable, frivolous or meritless.); *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978) (A prevailing civil rights defendant is not awarded attorneys' fees "routinely" or "simply because he succeeds.") Accordingly, attorneys' fees in civil rights cases should only be awarded to a defendant in exceptional circumstances. *Saman v. Robbins,* 173 F.3d 1150 (9th Cir. 1999).

### IV. DISCUSSION

A case is frivolous when "the result is obvious or the [] arguments are wholly without merit." *Vernon*, 27 F.3d 1385, 1402. Defendants each present lengthy arguments in support of their motions, wherein each argues that Ms. Hogan's claims were frivolous, meritless, and vexatious. In her motion,

Ms. Towne includes the deposition testimony of 25 witnesses in support of her position that Ms. Hogan's claims were meritless. County Defendants also supplement their argument with numerous and voluminous exhibits. The Court considered those arguments and exhibits without the benefit of opposition by Ms. Hogan or any evidence presented on her behalf.

Having read and reviewed the arguments and exhibits presented, the Court cannot conclude that Ms. Hogan's claims were "wholly without merit." The Court never determined the merits of Ms. Hogan's claims. Instead, this Court dismissed Ms. Hogan as a plaintiff for failing to obey a Court order. The dismissal of Ms. Hogan, based on a legal issue, does not compel the conclusion that Defendants were meritorious after an assessment of the evidence. An award of attorneys' fees should be based on a determination of the merits. *Hanrahan v. Hampton*, 446 U.S. 754, 758 (1980) (quoted in *Farrar v. Hobby*, 506 U.S. 103, 109 (1992) ( "Congress intended to permit the...award of counsel fees only when a party has prevailed on the merits."); *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoted in *Farrar v. Hobby*, 506 U.S. 103, 109 (1992) ("Liability on the merits and responsibility for fees go hand in hand."). Significantly, unresolved issues of fact remain regarding Detective Robinson's investigation, and Ms. Towne's purported involvement or influence therein. The Court declines Defendants' invitation to make findings of fact and conclusions of law, in the first instance, in this motion for attorneys' fees. The Court further notes that both Ms. Towne and County Defendants assert that the majority of over 50,000 documents were produced in discovery by Ms. Hogan. Thus, the Court cannot make a determination of the merits based upon the selective evidence presented.

Further, the Court denies Defendants' motions based on the complexity of the case. In support of this motion, counsel for County Defendants recognizes that, "[t]his case has involved *complex* federal and state law claims that have required *extensive* research. The litigation in this case has been extensive....Furthermore, the discovery in this case has been voluminous, involving the production of approximately 50,000 documents and the identification of dozens of witnesses." (Supplemental Declaration of Michael R. Linden, 2) (emphasis added). The extensive docket demonstrates that issues in this case did not yield an "obvious result." Although Ms. Hogan asserted novel legal theories, they were not obviously meritless. *See, Galen v. County of Los Angeles*, 477 F.3d 652, 667 (9th Cir. 2007) ("A case is less likely to be considered frivolous when there is very little case law directly apposite.")

4

Additionally, the Court considers the unique circumstances of this case. Counsel for Ms. Towne indicates that "on multiple occasions" he discussed his view that the case did not have merit with Mr. Little. (Declaration of Jerry Casheros, ¶10). Ms. Towne's counsel further declares that Mr. Little "took the position that his case had merit and that he had a significant chance of prevailing." *Id*. Thus, Mr. Little propelled this case forward during the extensive discovery and motion practice. Subsequently, Mr. Little withdrew from this case, leaving Ms. Hogan to proceed *in propria persona* at the close of discovery. The case was hard fought for years until the time counsel withdrew.

After counsel withdrew, Ms. Hogan did not pursue her claims. The day after Mr. Little was granted leave to withdraw as counsel, counsel for Ms. Towne and County Defendants wrote emails to Ms. Hogan detailing their positions that Ms. Hogan's claims were meritless. Ms. Hogan did not respond to Defendants' emails. She did not oppose Defendants' motions to dismiss her as a plaintiff, Defendants' bills of costs, or Defendants' instant motions for attorneys' fees. Ms. Hogan did not attend the Court-ordered additional deposition testimony, nor any further hearing before this Court held on several defense motions. Thus, while Ms. Hogan did not dismiss her claims, she abandoned them. The Court may grant post-discovery fees when it becomes clear to a party that their claims are meritless but he/she continues to pursue the claims. *See, Edgerly v. City and County of San Francisco*, 495 F.3d 645 (9th Cir. 2007). Because Ms. Hogan did not take any action to pursue her case since proceeding *in propria persona*, however, the Court cannot conclude that she continued to litigate her claims after it was clear her claims were meritless.

Ultimately, the standard for awarding a prevailing defendant attorneys' fees pursuant to 42 U.S.C. §1988 is high. "The mere fact that the defendant prevails does not automatically support an award of fees." *Vernon*, 27 F.3d 1385, 1402. Here, Defendants did not prevail on the merits as to Ms. Hogan's claims. Moreover, the case involved years of complex discovery and motions, and Ms. Hogan did not pursue her claims against Defendants once she presumably became aware that her claims were without merit. Therefore, this Court declines to exercise its discretion to award attorneys' fees against Ms. Hogan in favor of Defendants.

**V.  Conclusion**

Ms. Towne's and County Defendants motions for attorneys' fees as to Ms. Hogan are DENIED. Clearly, this in no way affects the right of costs to the Defendants.

IT IS SO ORDERED.

**Dated:     October 31, 2007**                              /s/ Lawrence J. O'Neill
                                                         UNITED STATES DISTRICT JUDGE