**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KATHRYN HOGAN, *et al.*, | CASE NO. CV-F-03-6408 LJO GSA |
| Plaintiffs, | **ORDER ON DEFENDANTS' MOTIONS FOR ATTORNEYS' FEES AS TO CHARLOTTE-MARIE HOGAN (Docs. 298, 299)** |
| vs. | |
| FRESNO COUNTY SHERIFF'S DEPUTY MICHAEL ROBINSON, *et al.*, | |
| Defendants. | |

**I. INTRODUCTION**

Defendants County of Fresno and Detective Michael Robinson ("County Defendants") and Patricia Towne ("Ms. Towne") (collectively referred to as "Defendants") filed separate motions for attorneys' fees pursuant to 42 U.S.C. §1988 against Plaintiff Charlotte-Marie Hogan ("Ms. Hogan") in this 42 U.S.C. §1983 action. Defendants argue they are entitled to attorneys' fees as to Ms. Hogan because her claims were unreasonable, frivolous, meritless, and/or vexatious. Ms. Hogan did not oppose this motion. This Court finds Ms. Hogan's claims to be without foundation and therefore grants Defendants' motions for attorneys' fees. The Court further finds that, considering Ms. Hogan's relative culpability in this action, a reduced award of fees is reasonable and fair.

///

## II. BACKGROUND

This complex litigation extends over four years, and involves disputes which began in 1999. This Court has detailed, on numerous occasions, the extensive factual and procedural background of this case. The Court summarizes the relevant background for this motion below.

The original complaint was filed by Kathryn Hogan on October 9, 2003, against County defendants.[1] Ms. Hogan was named as a plaintiff, and Ms. Towne was added as a defendant, in the first amended complaint ("FAC"), filed on December 30, 2003. (Doc. 5) Plaintiffs moved forward on their corrected Third Amended Complaint ("TAC"), which was dominated by facts involving Ms. Hogan's sister, Kathryn Hogan, Ms. Towne and Detective Robinson. (Doc. 73)

The trial was set to begin on July 23, 2007.[2] On April 13, 2007, the parties jointly requested to extend pretrial dates and filing deadlines and counsel for Plaintiffs, Kevin Little ("Mr. Little"), requested a continuance of the trial. This Court denied those motions and ordered that all dates set would remain intact . (Doc. 156) Subsequently, on April 18, 2007, Mr. Little filed a motion for leave to withdraw as counsel. (Doc. 164) On April 26, 2007, the magistrate judge, *inter alia*, denied Mr. Little's motion to withdraw. (Docs. 159-163, 195) On May 17, 2007, this Court heard Mr. Little's motion for reconsideration of the April 26, 2007 order and granted leave to withdraw. (Docs. 205, 207). Since May 17, 2007, Ms. Hogan has proceeded *in propria persona*.

On September 11, 2007, Defendants filed motions for summary judgment against Ms. Hogan, which this Court granted on October 10, 2007. (See Doc. 308, Order On Defendants' Motions For Summary Judgment, ("Summary Judgment Order")) On October 23, 2007, Defendants filed separate motions for attorneys' fees. County Defendants sought $252,038.00 in attorneys' fees, as calculated

---

[1] The original action was filed by Ms. Hogan's sister, Kathryn Hogan, who was dismissed as a plaintiff on August 29, 2007 (Doc. 254). Ms. Hogan's father, Thomas Slade Hogan, was dismissed as a plaintiff on June 2, 2007 pursuant to various motions and orders (Docs. 12-15, 18, 29, 33-34, 36, 44, 48, 67-68, 71-78, 80-83). This Court will refer to Ms. Hogan and Kathryn Hogan collectively as "Plaintiffs."

[2] A brief summary of the law and motion practice is warranted. For over two years, the parties litigated extensively over dismissal of Thomas Slade Hogan as a plaintiff. Throughout the discovery period, numerous disputes arose between the parties. The Court resolved motions to compel deposition testimony of several witnesses, motions to compel production of documents, a motion to compel compliance with a subpoena, a motion to exclude witnesses, and motions for reconsideration of the Court's previous discovery orders. Furthermore, the parties sought on more than one occasion to modify the scheduling order and extend discovery deadlines.

from the inception of the case. Ms. Towne sought $362,424. In their motions, Defendants incorporate previously filed arguments against Kathryn Hogan, wherein each argued that Ms. Hogan's claims were frivolous, meritless, and vexatious.

On November 13, 2007, Ms. Towne requested oral argument for this motion. In response, this Court ordered Defendants to file supplemental briefs to address what information would be presented at oral argument that had not been filed previously. The Court reasoned that if Ms. Hogan did not file an opposition to Defendants' motions, she would not be entitled to be heard at oral argument pursuant to Local Rule 78-230(c), rendering oral argument redundant. Ms. Hogan did not oppose this motion. Subsequently, on November 28, 2007, this Court ordered Defendants to file supplemental briefs and/or declarations to specify the amount of attorneys' fees requested as to Ms. Hogan only, accompanied by reasons for the request. Defendants filed their supplemental briefs on December 14, 2007, and submitted billing entries under seal.

Having considered the incorporated and additional arguments and exhibits of Defendants, Defendants' supplemental briefs and declarations, and the record, this Court issues the following order.

### III. ARGUMENTS

Ms. Towne argues she is entitled to an award of attorneys' fees because: (1) Ms. Hogan did not substantively oppose the motion for summary judgment; (2) Ms. Hogan presented no evidence on her behalf after four years of complex litigation; (3) Ms. Hogan's claims were time-barred, and, therefore, Ms. Hogan knew the fatal deficiencies of the case from its inception; and (4) "any prolongation of the case, and complexity, was due solely to the improper and baseless arguments made by plaintiffs at every step of the way." Ms. Towne also argues that she can demonstrate the case was baseless, because "Defendants offered a dismissal of this case for a waiver of costs, but plaintiffs entirely ignored said offer." (bold-face type emphasis excluded).

County Defendants argue they should be awarded attorneys' fees, because: (1) Ms. Hogan made a baseless representation that the alleged wrongful behavior of County Defendants continued through 2003, although her claims were actually time-barred; (2) Ms. Hogan was found to lack standing to raise specific arguments; and (3) Ms. Hogan's constitutional claims were patently frivolous.

### IV. STANDARD OF REVIEW

In this 42 U.S.C. §1983 action, Defendants seek an award of attorneys' fees pursuant to 42 U.S.C. §1988(b), which provides, in relevant part: "In any action or proceeding to enforce...[42 U.S.C. §1983]...the court, in its discretion, may allow the prevailing party...a reasonable attorney's fee as part of the costs." Under this statute, a prevailing plaintiff should ordinarily recover attorneys' fees unless special circumstances would render such an award unjust, but a prevailing defendant should not routinely be awarded attorneys' fees simply because he succeeded, but rather only where action is found to be unreasonable, frivolous, meritless, or vexatious. *Vernon v. City of Los Angeles*, 27 F.3d 1385, 1402 (9th Cir. 1994); *see also Roberts v. Spalding*, 783 F.2d 867, 874 (9th Cir), *cert. denied*, 479 U.S. 930 (1986) (a prevailing defendant in a civil rights action should only be awarded attorneys' fees where an action is unreasonable, frivolous or meritless.); *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978) (A prevailing civil rights defendant is not awarded attorneys' fees "routinely" or "simply because he succeeds.") Accordingly, attorneys' fees in civil rights cases should only be awarded to a defendant in exceptional circumstances. *Saman v. Robbins,* 173 F.3d 1150 (9th Cir. 1999).

### IV. DISCUSSION

The motion for attorneys' fees analysis is a two-part test. First, the Court determines whether the claims were unreasonable, frivolous, or meritless. If the Court finds that an award for attorneys' fees is proper, based on the standards set forth above, the analysis continues to the second step–calculation of a reasonable award. The Court applies this analysis below.

**A.   Unreasonable, Frivolous, or Meritless**

A district court, in its discretion, may award a prevailing defendant in a civil rights case reasonable attorneys' fees if the court finds that the plaintiff's action was "frivolous, unreasonable, groundless, or that the plaintiff continued to litigate after it clearly became so." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1968). A case is frivolous when "the result is obvious or the [] arguments are wholly without merit." *Vernon*, 27 F.3d 1385, 1402. "The plaintiff's action must be meritless in the sense that it is groundless or without foundation." *Hughes v. Rowe*, 449 U.S. 5, 14 (1991).

The TAC is unclear as to which violations alleged are specific to Ms. Hogan.[3] Defendants inferred in their motions for summary judgment that Ms. Hogan claimed her substantive due process rights of occupational interest and familial association were violated through the alleged conspiratorial acts of Ms. Towne and Detective Robinson. (*See* Docs. 260, 262)  This Court granted summary judgment against Ms. Hogan on the following grounds: (1) Ms. Hogan's claims were time-barred; (2) Ms. Hogan lacked standing to assert claims related to the alleged conspiracy; and (3) Defendants were entitled to judgment as a matter of law on Ms. Hogan's Constitutional claims. (*See* Summary Judgment Order)  The Court finds that an award of attorneys' fees to Defendants as to Ms. Hogan is proper for the following reasons:

### 1. Conspiracy related to Kathryn Hogan only

Fundamentally, this action arises out of allegations that Kathryn Hogan abused her parents, Thomas Slade Hogan and Frances Hogan (collectively "Hogan parents") (both now deceased).  As early as 1999, issues arose between Kathryn Hogan and Ms. Towne, the Hogan parents' accountant, over finances related to the Hogan parents' citrus farm.  Ms. Towne suspected that Kathryn Hogan had undue influence over her parents and depleted their assets.  In 2000, Ms. Towne contacted Detective Robinson, a Fresno County Sheriff's Department elder abuse investigator, about her concerns that Kathryn Hogan misused the Hogan parents' finances.  Detective Robinson conducted an investigation of Kathryn Hogan from September 2000 through February 2001.  In response, Kathryn Hogan accused Ms. Towne of accounting improprieties related to the Hogan parents' citrus ranch.  In 2003, Kathryn Hogan initiated this action, accusing Ms. Towne and Detective Robinson of conspiring to allow Ms. Towne to deplete the Hogan parents' funds.

This Court ruled previously that there was no evidence to support a claim that Ms. Hogan was the subject of the alleged conspiracy.  (Summary Judgment Order, 8-9).  The Court further found that Ms. Hogan understood as early as 2001 that she was not the subject of the investigation. (*Id.*)  Moreover, the Court found that Ms. Hogan lacked standing on the underlying conspiracy claim, because there was no evidence for the elements of causation or redressability.  As Ms. Hogan knew that she was not subject

---

[3] As discussed more fully *infra*, Ms. Hogan is only mentioned twice in the TAC.

of the alleged conspiracy when she joined this litigation, it was unreasonable for her to do so.

**2.    Baseless Constitutional Claims**

The Court further finds that Ms. Hogan's constitutional claims were alleged without foundation. The reasons for this conclusion are set forth previously in this Court's Summary Judgment Order. Concerning the occupational interest claim, this Court ruled:

> Although Ms. Hogan alleges that the activities of Defendants "made it impossible for [her] to continue conducting [her] citrus ranch business," the uncontroverted evidence shows that Ms. Hogan was not involved with the operations of her parents' citrus ranch for at least 20 years. (CH Depo, 34:17-35:3). Ms. Hogan has been employed as a teacher in Sacramento since 1994, years prior to the alleged events. (CH Depo., 31:16-19). No facts indicate that Defendants' actions affected Ms. Hogan's ability to choose her profession, or that there was a "complete prohibition of the right to engage in a calling," a required element of this cause of action. *Conn v. Gabbert*, 526 U.S. 286, 292. Therefore, Ms. Hogan cannot establish a violation of her constitutionally protected occupational interest. (Summary Judgment Order, 10)

Regarding her familial association claim, this Court reasoned and ruled:

> The right of familial association is not extended to temporary disharmony between siblings. *Ward v. San Jose*, 967 F.2d 280, 284 (9th Cir. 1992) ("Neither the legislative history nor Supreme Court precedent supports an interest for siblings consonant with that recognized for parents and children."); *Pittsley v. Warish*, 927 F.2d 3, 8 (1st Cir. 1991) ("plaintiff may recover under section 1983...only where the plaintiffs have alleged a permanent, physical loss of association").  Ms. Hogan fails to demonstrate a constitutionally protected right of temporary sibling disharmony and she provides no evidence of permanent disharmony between her and her parents. Section 1983 "does not provide a remedy for abuses that do not violate federal law." *Collins v. City of Harker Heights*, 503 U.S. 115, 119 (1992). Moreover, Ms. Hogan admits that she became angry with her siblings in 1999, long before the state actor, Detective Robinson began his investigation.  Finally, the uncontroverted evidence establishes that the disharmony between the siblings was due to reasons not related to Ms. Towne or Detective Robinson. (Summary Judgment Order, 10-11)

For these reasons, this Court agrees with Defendants and finds that Ms. Hogan's Constitutional claims were legally and factually baseless.

**3.    Policy considerations**

The standard of review for an award for attorneys' fees to a prevailing defendant in a civil rights action is high and should only be granted in "exceptional" circumstances. *Saman v. Robbins,* 173 F.3d 1150 (9th Cir. 1999). "Assessing attorney's fees against plaintiffs simply because they do not finally prevail would substantially add to the risks inhering in most litigation and would undercut the efforts of Congress to promote the vigorous enforcement of the [Civil Rights Act]." *Hughes*, 449 U.S. 5, 14-15

(quoting *Christiansburg*, 434 U.S. at 422); *see Hensley v. Eckerhart*, 461 U.S. 424, 433 n.7 (1983) (42 U.S.C.§ 1988 and attorneys' fees provision in Title VII are interpreted to be the same). Here, Ms. Hogan conceded that she was not part of the conspiracy, did not have an occupational interest in the Hogan parents' ranch, and her familial association was disrupted on grounds unrelated to a state action. Thus, there is no danger that granting an award of attorneys' fees would deter civil rights plaintiffs, whose claims have foundation, from initiating a suit to vindicate their rights. Rather, an award of attorneys' fees in this case is consistent with "Congress' desire to prevent 'frivolous' or 'unjustified' suits." *Marbled Murrelet v. Babbit*, 182 F.3d 1091 (9th Cir. 1999) (quoting *Christiansburg*, 434 U.S. at 420).

## B.     Calculation of Award

Having concluded that an award of attorneys' fees as to Ms. Hogan is appropriate, the Court next calculates a reasonable sum. With respect to a 42 U.S.C. §1988 civil rights action, a reduced fee is appropriate if the relief, "however significant, is limited in comparison to the scope of the litigation as a whole." *Hensley*, 461 U.S. at 440. District courts have discretion to achieve the most fair and sensible solution possible. *Grendel's Den Inc. v. Larkin*, 749 F.2d 945, 959 (1st Cir. 1984). When multiple parties are liable for attorneys' fees, the district court has discretion to apportion fees according to "relative culpability." *Jose P. v. Ambach*, 669 F.2d 865, 871(2d Cir. 1982); *see, also Sable Communications of California, Inc. v. Pac. Tel. & Tel. Co.*, 890 F.2d 184, 194 (9th Cir. 1989)("In exercising its discretion, the district court should insure a fair result for both parties.")(internal quotations omitted).

Defendants first sought to attribute all of the attorneys' fees incurred in this action to Ms. Hogan, totaling nearly $650,000 (total cost of litigation plus the additional cost of the instant motion). Indicating that it would not consider joint and several liability as to Ms. Hogan, this Court ordered Defendants to file supplemental briefs and declarations to specify the amount of attorneys' fees requested as to Ms. Hogan only, accompanied by reasons for the request.[4] In response, both County Defendants and Ms. Towne framed the question as follows: What attorneys' fees would have been incurred had Charlotte-

---

[4] Previously, Defendants' motions for attorneys' fees as to Kathryn Hogan were denied by this Court on grounds that they did not prevail on the merits of the case. Kathryn Hogan was dismissed as a plaintiff as a sanction for violating this Court's orders to appear for additional deposition testimony. (Doc. 323, "Order on Motion for Attorneys' Fees," signed November 1, 2007)

Marie Hogan been the only plaintiff? Reluctantly, Defendants identify a few motions that might not be attributable to Ms. Hogan, including: (1) the motion for leave to withdraw of Mr. Little and reconsideration of the initial order denying that motion; (2) the motion to dismiss Kathryn Hogan; (3) the motion to preclude Plaintiffs' expert witnesses (on the theory that the sanction sought was awarded by the Court); and (4) the motion for an award of attorneys' fees as to Kathryn Hogan. Having identified these motions, Defendants do not reduce the award requested by the amounts specific to those motions. Instead, Defendants estimated that 10% of the total work performed would not have been required if Kathryn Hogan was not a plaintiff, without supporting reasons to quantify that amount. After a 10% reduction, Defendants asserted that an equal division would be appropriate between plaintiffs Ms. Hogan and Kathryn Hogan. Accordingly, County Defendants seek $114,480.45 and Ms. Towne seeks $163,090.00, for a total of $277,570.45 plus costs.[5]

Although Ms. Hogan's claims warrant an award of attorneys' fees, her relative culpability does not amount to the degree claimed by Defendants. As discussed above, this action was primarily centered around, and driven by, Kathryn Hogan. In the Summary Judgment Order, this Court noted, "The vast majority of facts pertain to Kathryn Hogan, who is no longer a party in this case." (*Id*. at 2, n.3) All evidence submitted by Defendants in support of their motions to dismiss Kathryn Hogan, motions for summary judgment as to Ms. Hogan, motions for attorneys' fees as to Kathryn Hogan and the instant motion demonstrate that Kathryn Hogan, not Ms. Hogan, was the primary plaintiff in this action.

The Court's review of the TAC demonstrates further that Ms. Hogan was only a secondary actor in this action. Ms. Hogan is only named in two factual allegations. In the first, Plaintiffs claimed in the TAC that "it was falsely alleged that plaintiffs Kathryn Hogan and Charlotte-Marie Hogan were abusing their elderly parents." (TAC ¶ 8) Despite the Court's previous orders requiring Plaintiffs to plead with specificity, the only allegation that Charlotte-Marie was harmed states: "Towne even used the occasion of the death of Frank Hogan in February 2001 to divide the family...by trying to prevent Charlotte-Marie Hogan at the last minute from taking her father to the funeral." *(*TAC ¶14) This single example is

---

[5] Defendants submitted a bill of costs previously. In her supplemental brief, Ms. Towne requests this Court to order that costs be taxed against Ms. Hogan and Kathryn Hogan. The bill of costs will be reviewed and processed by the Clerk of this Court without the need for a Court order.

1  significant when compared to the 24 separate, specific allegations involving Kathryn Hogan, Detective
2  Robinson and Ms. Towne. Importantly, all allegations relating to the alleged conspiracy involve Kathryn
3  Hogan, while none involve Ms. Hogan. "If, as appears likely, the conduct of [another party] was the
4  focus of the litigation and required a larger portion of the time of [] counsel, it is appropriate to allocate
5  the burden of the fee award accordingly." *Sable Communications*, 890 F.2d 184, 194 (citing *Southeast*
6  *Legal Defense Group v. Adams*, 657 F.2d 1118, 1125 (9th Cir. 1981)). Having knowledge of the
7  evidence in this case, Defendants overreach in the amounts they attribute to Ms. Hogan.

8  Furthermore, although Defendants contend that Ms. Hogan "propelled the case forward through
9  extensive discovery and motion practice," more than one-third of the motion practice by Defendants
10 occurred *after* Ms. Hogan proceeded *in propria persona* in May 2007. None of those motions was
11 initiated or substantively opposed by Ms. Hogan. While Ms. Hogan did not dismiss her claims, she
12 abandoned them effectively since the time her counsel withdrew. Defendants leave unaddressed their
13 responsibility in incurring a substantial amount of the attorneys' fees requested.

14 Ultimately, this Court agrees that "[h]ad Kathryn Hogan been the only plaintiff, it is reasonable
15 to conclude that the litigation would not have been markedly different, and that the difference in the
16 amount of defendants' attorneys' fees would be negligible." (Doc. 331, "County Defendants'
17 Supplemental Brief," p. 10) Ms. Hogan was not a named plaintiff in the state cause of action, rendering
18 any attorneys' fees for research on that claim inapplicable to this motion. Furthermore, the evidence
19 provided by Defendants demonstrates that the voluminous documents and extensive witness list in this
20 case were provided by Kathryn Hogan. The law and motion practice, as demonstrated by the record, was
21 the result of the litigation initiated by Kathryn Hogan and would have been unnecessary to defend
22 against Ms. Hogan's baseless claims.

23 Having considered the relative culpability of Ms. Hogan, the Court finds that an award of
24 Defendants' attorneys' fees as incurred to pursue the motions for summary judgment as to Ms. Hogan
25 (half of the motions for summary judgment filed on May 24, 2007 and the full cost of the motion for
26 summary judgment filed on September 11, 2007) and the instant motion for attorneys' fees would be fair
27 and within this Court's discretion.

28 ///

# V. Conclusion

For the foregoing reasons, the Court:

1. GRANTS Defendants' motions for an award for attorneys' fees;

2. ORDERS Defendants to submit, no later than January 10, 2008, a supplemental declaration specifying what fees were incurred as a result of: (1) the motions for summary judgment as to Ms. Hogan; and (2) the motion for attorneys' fees as to Ms. Hogan only. Failure to give a specific accounting or reasonable figures will be construed as a failure to obey this Court's order and may result in the Court reversing its order to grant attorneys' fees; and

3. DIRECTS Defendants to retrieve the documents submitted under seal at the office of the Clerk of this Court no later than January 3, 2007.

IT IS SO ORDERED.

**Dated:   December 21, 2007**              /s/ Lawrence J. O'Neill
                                                                              UNITED STATES DISTRICT JUDGE