# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHRYN HOGAN, *et al.*, | CASE NO. CV-F-03-6408 LJO WMW |
| Plaintiffs, | **ORDER ON PLAINTIFFS' FED. R. CIV. P. 60(B)(6) MOTION** (Doc. 346) |
| vs. | |
| FRESNO COUNTY SHERIFF'S DEPUTY MICHAEL ROBINSON, et al., | |
| Defendants. / | |

## INTRODUCTION

By notice on March 19, 2009, plaintiffs Kathryn Hogan ("Kathryn") and Charlotte-Marie Hogan ("Charlotte-Marie") (collectively referred to as "Plaintiffs") moved for relief from this Court's judgment pursuant to Fed. R. Civ. P. 60(b)(6).[1] Plaintiffs based their motion on a declaration filed by their former counsel, Kevin G. Little ("Mr. Little"), on March 16, 2009 ("Little Declaration"). Defendants Michael Robinson and the County of Fresno ("County defendants") opposed this motion on April 9, 2009. Defendant Patricia Towne ("Ms. Towne") opposed the motion on April 10, 2009. Plaintiffs failed to reply. For the following reasons, this Court DENIES Plaintiffs' motion for relief from judgment, as Plaintiffs' motion is untimely and fails to demonstrate extraordinary circumstances to warrant relief.

## BACKGROUND

This Court has detailed the background of this lengthy and complex case in past orders. For the sake of brevity, the Court recounts only the information relevant and necessary to the instant motion.

**General Background**

---

[1] For purposes of clarity, and without intending any disrespect, the Court refers to the plaintiffs by their first names. County defendants and Ms. Towne are referred to collectively as "defendants."

1

Plaintiffs initiated this action on October 9, 2003. Plaintiffs proceeded on the third amended complaint, which was filed on May 2, 2005. Plaintiffs alleged that the County defendants and Ms. Towne conspired in an effort to diminish the estate of Plaintiffs' parents. Plaintiffs alleged that defendants falsely accused Thomas and Frances Hogan's daughter, Kathryn, of committing elder abuse against her parents. Additionally, Plaintiffs alleged that defendants improperly installed a Conservatorship and committed other acts which caused damage to the Hogan family and the value of the Hogan citrus ranch. Over the life of the case, Plaintiffs identified over 100 witnesses and produced tens of thousands of documents.

**Procedural History Relevant to Instant Motion**

A jury trial in this action was set to begin on July 23, 2007. On April 17, 2007, this Court denied Plaintiffs' request to extend the discovery cut-offs dates, motion filing dates, and pretrial dates and to continue the July 23, 2007 jury trial. In response, Plaintiffs' counsel, Mr. Little, filed a "Motion for Leave to Withdraw Due to Impossibility of Complying With Court's Order Dated April 17, 2007." On the same day, defendants moved to exclude expert witness testimony by Plaintiffs. In addition, Ms. Towne filed a motion to strike Plaintiffs' expert witness disclosures for failure to comply with Fed. R. Civ. P. 26(a). A United States Magistrate Judge heard the motions on April 26, 2007, and by minute order, granted County defendants' motion to preclude expert witness testimony, granted Ms. Towne's motion to strike Plaintiffs' expert witness disclosures, denied Mr. Little's motion to withdraw and denied Plaintiffs' motion to certify for appeal the April 17, 2007 order.

On May 10, 2007, Mr. Little and Plaintiffs moved to reconsider the Magistrate Judge's April 26, 2007 order to deny Mr. Little's motion to withdraw and Plaintiffs' motion to certify appealability. This Court heard the motion on May 17, 2007. In a written decision filed later that day, this Court found:

> Based on: (1) a finding made during the sealed portion of the hearing, (2) the evidence that the declaration from the treating physician of Plaintiffs' counsel dated 5/15/2007 was not generated at the time of the motion to withdraw and was not made available to the Magistrate Judge, and (3) the evidence that Plaintiffs had been adequately noticed and had not objected to Plaintiffs' counsel's motion to withdraw, the Court found that the new facts were of a strong and convincing nature and thus GRANTED the motion for reconsideration IN PART, as that motion pertained to Plaintiffs' counsel's motion to withdraw. Plaintiffs' counsel no longer represents plaintiffs, effective immediately.

The Court then issued an order on May 21, 2007, to substitute out Mr. Little, and allow the Plaintiffs to

represent themselves in propria persona. The Court served Plaintiffs with both the May 17 and May 21 orders by mail.

On May 24, 2007, in accordance with this Court's scheduling order, defendants filed motions for summary judgment. The hearing date for the summary judgment motions was set for June 29, 2007.

Also on May 24, 2007, County defendants filed a motion to compel the deposition of Kathryn Hogan. On May 25, 2007, this Court ordered Kathryn to attend her deposition based on this Court's previous orders. The Court scheduled the deposition for May 29, 2007 and explained, "Plaintiffs are represented. As pro se litigants, Plaintiffs now represent themselves." On the same day as this Court's order to compel the deposition testimony, Plaintiffs filed a Notice of Appeal of the May 17, 2009 order. Kathryn Hogan failed to appear at the May 29, 2007 deposition, in violation of this Court's order. As a result, on May 30, 2007, defendants filed motions to dismiss Kathryn.

The Court stayed the proceedings pending the outcome of Plaintiffs' appeal on June 1, 2007. On July 27, 2007, the United States Court of Appeal for the Ninth Circuit dismissed Plaintiffs' appeal for lack of jurisdiction. Accordingly, this Court lifted the stay of proceedings on August 1, 2007.

The parties proceeded to brief the motions to dismiss Kathryn Hogan. On August 29, 2007, this Court dismissed Kathryn Hogan for failing to appear at her deposition and for repeated violations of this Court's orders. In the Order on Defendants' Motions to Dismiss, this Court found:

> Ms. Hogan's deliberate refusal to appear for the Court-ordered deposition over the eight-month period has caused numerous motions, filings, hearings, ex parte applications, ex parte hearings, and orders from this Court. It has further caused Ms. Hogan to file an interlocutory appeal, which was dismissed. Ms. Hogan filed a motion to reconsider the appeal's dismissal. Ms. Hogan's failure to comply with the May 25, 2007 order to compel her additional deposition is one episode in a long history of unreasonable behavior–indeed six hours of deposition testimony has been ordered no less than four times in the last eight months. Furthermore, since defendants filed the motion to compel in May, Ms. Hogan has continued to ignore other Court orders. Ms. Hogan is intent to deliberately contribute to the congestion of an already overburdened court.

In addressing Kathryn's argument that she was at a disadvantage without representation, the Court pointed out that "plaintiffs have had three months to find counsel." Moreover, Kathryn argued that her failure to appear was Mr. Little's fault, because Mr. Little advised her not to appear at the deposition. The Court rejected Kathryn's argument, reasoning that a "client is unable to reasonably rely on advice of counsel who admits to being incapable of representation. At the time the advice as given, Ms. Hogan

3

knew that [Mr. Little] was no longer representing her. Therefore, her current claim that she acted on advice of counsel is disingenuous." The clerk of court entered judgement against Kathryn Hogan on August 29, 2007.

In light of Kathryn's dismissal, the Court ordered defendants to re-file the summary judgment motions as to Charlotte-Marie's remaining claims no later than September 11, 2007. Defendants timely re-filed the summary judgment motions. Charlotte-Marie opposed the motions on September 25, 2007. On October 9, 2007, this Court granted defendants' motions for summary judgment. In its Order, the Court noted that "Ms. Hogan has had over four months to seek legal advice in this matter, but does not explain why she has been unable to obtain counsel. Furthermore, pro se litigants must follow the same rules of procedure that govern other litigants." The Court granted summary judgment against Charlotte-Marie on multiple grounds, including that the claims were time-barred and failed as a matter of law. Judgement was entered against Charlotte-Marie Hogan, and this case was closed, on October 9, 2007.

On January 11, 2008, this Court awarded Attorneys' Fees to Defendants. On March 5, 2008, the Court awarded costs against Plaintiffs.

**Little Declaration**

On March 16, 2009, Mr. Little filed a declaration concerning his representation of Plaintiffs in this action. In the declaration, Mr. Little wrote: "I believe that the facts detailed herein could support a contention that I was grossly negligent in my representation of the plaintiffs between December 200 and May 2007 and that my failures prejudiced plaintiffs severely, thus warranting relief under FRCP 60(b)(6)." Mr. Little explains that he was under tremendous stress during that time period and suffered from a mental condition. Mr. Little declares that plaintiffs were unaware of his condition, and "as a result of his failure to disclose his inability to function at an adequate level," plaintiffs "suffered greatly."

///

///

**DISCUSSION & ANALYSIS**

**Fed. R. Civ. P. 60(b)(6) Standard and Applicable Law**

Federal Rule of Civil Procedure 60(b)(6) provides: "On motion and just terms, the court may relieve a party or its legal representative from a final judgement, order, or proceeding for...any other

reason that justifies relief." A motion under Fed. R. Civ. P. 60(b)(6) must be brought "within a reasonable time." Fed. R. Civ. P. 60(c)(1). Moreover, the motion requires a showing of "'extraordinary circumstances' justifying the reopening of a final judgment." *Gonzalez v. Crosby*, 545 U.S. 524 (2005) (quoting *Ackermann v. United States*, 340 U.S. 193, 199 (1950)). A party moving for relief under Fed. R. Civ. P. 60(b)(6) "must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the action in a proper fashion." *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008). (quoting *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1103 (9th Cir. 2006)). Fed. R. Civ. P. 60(b)(6) shall be "used sparingly as an equitable remedy to prevent manifest prejudice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Lathshaw,* 452 F.3d at 1103.

**Motion is Untimely**

Plaintiffs must raise a Fed. R. Civ. P. 60(b)(6) motion "within a reasonable time." Fed. R. Civ. P. 60(c)(1). "What constitutes a 'reasonable time' depends upon the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and the prejudice to the opposing parties." *Ashford v. Steuart*, 657 F.2d 1053, 1055 (9th Cir. 1981). A party who filed a Fed. R. Civ. P. 60(b) motion after the time for appeal has expired must establish "the existence of extraordinary circumstances which prevented or rendered him unable to prosecute an appeal." *Plotkin v. Pac. Tel. & Tel. Co.*, 688 F.2d 1291, 1293 (9th Cir. 1982).

Plaintiffs' motion is filed over 18 months after judgment was entered, and over two years after Plaintiffs were put on notice of the facts and circumstances upon which they rely. Mr. Little alerted Plaintiffs that he was unable to continue to represent them in April 2007. This Court relied on a declaration by Mr. Little's doctor to allow Mr. Little to withdraw as counsel of record in May 2007. In its August 2007 order to dismiss Kathryn, the Court noted Plaintiffs were aware of Mr. Little's issues and ruled that a "client is unable to reasonably rely on advice of counsel who admits to being incapable of representation." Judgement was entered against Kathryn on August 29, 2007, based on terminating sanctions that she blamed on the erroneous advice of Mr. Little. Judgement was entered against Charlotte-Marie on October 10, 2007. Plaintiffs demonstrated their ability to appeal this Court's

5

interlocutory order, yet neither appealed the final judgment. Not only were Plaintiffs *able* to learn earlier of the grounds relied upon, Plaintiffs did learn about the grounds relied upon long ago, yet failed to act in a timely manner. Importantly, neither plaintiff explains why they failed to file this motion sooner.

The Court further considers the prejudice to the opposing parties based on the delay and the interest of finality. This case has been closed for seventeen months. There are many witnesses in this case, many of whom are elderly. Memories of the witnesses may have faded, and some of the witnesses may no longer be available. Moreover, the experts retained in this matter have closed their files and it would be a costly endeavor to have these experts review again the massive record. The tens of thousands of documents would have to be removed from storage, organized, and reviewed again. Forcing defendants to litigate this complex case after such a lengthy passage of time would cause considerable prejudice.

Having considered the interest in finality, Plaintiffs' failure to set forth a reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and the inherent prejudice to the opposing parties, this Court finds Plaintiffs' Fed. R. Civ. P. 60(b0(6) motion was not brought within a reasonable time.

**No Extraordinary Circumstances**

Plaintiffs' motion fails for the additional reason that no extraordinary circumstances exist to justify relief from judgment. A party moving for relief under Fed. R. Civ. P. 60(b)(6) "must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the action in a proper fashion." *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008). Judgment was not entered against Plaintiffs based on circumstances outside of their control. To the contrary, this Court entered judgment against Kathryn based on her repeated violations of this Court's orders. As to Charlotte-Marie, this Court entered summary judgment in favor of defendants on the merits. The Court found that the claims were time-barred, defendants produced "hundreds of documents" refuting Plaintiffs' conspiracy claim, and the Fourteenth Amendment familial association claim was meritless as a matter of law. Additionally, Plaintiffs had ample opportunity to find counsel to represent them once Mr. Little was granted leave to withdraw. The Court stayed the proceedings and did not rule on the motions for 3-4 months. Accordingly, Plaintiffs fail to demonstrate circumstances beyond their control that prevented

them from proceeding with the action in a proper fashion.

Based on the circumstances of this case, the cases cited in Mr. Little's declaration, and relied upon by Plaintiffs, are distinguishable. For example, Plaintiffs rely on *Community Dental Servs. v. Tani*, 282 F.3d 1164 (9th Cir. 2002), to argue that "relief is warranted where evidence shows that the attorney essentially abandoned the client." In *Tani*, the attorney ignored court orders, neglected motions, missed hearings and other court appearances, failed to file pleadings or serve them to opposing counsel, and otherwise "virtually abandoned his client by failing to proceed with his client's defense despite [repeated] court orders to do so." 282 F.3d at 1170–71. The court found that the attorneys' actions amounted to the "client's receiving practically no representation at all" which resulted in a default judgment against the plaintiff. *Id*. Here, Mr. Little withdrew with permission of the Court and judgment was entered after the withdrawal, based on the action of the parties and the merits of the case. Moreover, the Ninth Circuit has declined to expand the holding of *Tani* beyond the default judgment context. *See Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097 (9th Cir. 2006). Accordingly, the case law relied upon by Plaintiffs in support of this motion is unavailing.[2]

### Conclusion

For the foregoing reasons, this Court DENIES Plaintiffs' Fed. R. Civ. P. 60(b)(6) motion and VACATES the April 27, 2009 hearing on this motion.

IT IS SO ORDERED.

**Dated:  April 21, 2009**                    **/s/ Lawrence J. O'Neill**
                                                                    UNITED STATES DISTRICT JUDGE

---

[2] Because this Court finds this untimely motion to be without extraordinary circumstances, this Court need not address Ms. Towne's additional arguments related to the mutual release and judicial estoppel. In addition, this Court declines Ms. Towne's invitation to use its inherent powers to impose sanctions on Plaintiffs. It would be a mistake, however, for Plaintiffs to conclude that further litigation at the trial level on issues now fully determined would have the same result on requested sanctions.

7